JACQUELINE T. STAWICKI ET AL. *v.* JOHN R. FRAISER ET AL.

SUPERIOR COURT     JUDICIAL DISTRICT OF     FILE No. 19034
TOLLAND

Memorandum filed July 29, 1980

*John D. LaBelle, Jr.,* for the named plaintiff.

*Michael Brodinsky,* for the defendants.

JOHN F. SHEA, JR., J. The pleadings in the above-captioned matter were originally closed and the case claimed to the trial list on March 20, 1979. The case was not claimed for the jury docket at that time. Subsequently, the case of one of the plaintiffs was settled necessitating the filing of a substitute complaint. The substitute complaint itself did not raise any new issues but merely removed those allegations pertaining to the plaintiff whose case had been settled and conformed the complaint to the current rules of pleading.

The defendants, however, not only filed an answer to the substituted complaint, but also filed a new special defense alleging collection of basic reparations benefits by the plaintiff and an assignment of her right to recovery to the extent such benefits were received. The plaintiff filed no motions directed at this special defense but instead replied to the special defense by denying the allegations. Within ten days of that denial, the defendants claimed the case to the jury docket.

Section 52-215 of the General Statutes provides that within ten days after an issue of fact has been joined, the case may be claimed for the jury docket. Where such a claim has not been made at the original close of the pleadings, the mere filing of amended pleadings which raise no new issues of fact does not give rise to a further opportunity to claim a case for the jury. *Atta* v. *Cutner,* 95 Conn. 576. When amended pleadings raise a new issue of fact, however, a new ten-day period arises to claim the matter to the jury. *Leahey* v. *Heasley,* 127 Conn. 332. There does not seem to be any logical difference, regarding the right to a claim for a jury, as to whether the new issues are raised by the amended complaint or an amended answer or special defense to that complaint. In any event, if a new

issue of fact is joined, it should revive a right of election for a jury trial. See *Kuser* v. *Orkis,* 169 Conn. 66, 76.

The denial of the defendants' special defense to the substituted complaint has raised a new issue of fact and the defendant is entitled now to claim the case to the jury list. The motion to strike from the jury list is denied.