DANIEL MASTO, JR. *v.* BOARD OF EDUCATION OF THE TOWN OF HAMDEN ET AL.
(12682)

PETERS, C. J., HEALEY, SHEA, DANNEHY and CALLAHAN, JS.

Argued April 3—decision released July 15, 1986

*David M. Reilly,* for the appellant (plaintiff).

*Gary S. Starr,* with whom, on the brief, was *Kenneth R. Plumb,* for the appellee (named defendant).

*Joel M. Ellis,* with whom, on the brief, was *William S. Zeman,* for the appellee (defendant Association of Hamden Public School Administrators, AFSA, Local No. 57).

DANNEHY, J. The plaintiff, a teacher at Hamden high school, brought this action in two counts against the board of education of the town of Hamden (board), and the Association of Hamden Public School Administrators, AFSA, Local No. 57 (union). In the first count the plaintiff alleged that the board had wrongfully refused to reappoint him to the position of assistant principal at the high school. In the second count the plaintiff alleged that the union had breached its duty of fair representation by failing to process his grievance through binding arbitration. After a trial to the court, judgment was rendered against the plaintiff on both counts. We find no error.

The facts of this case may briefly be stated. The plaintiff has been a teacher in the town of Hamden since 1960. On July 19, 1978, he was appointed to the position of assistant principal at Hamden high school. Due to declining student enrollment, the board of education decided to eliminate several administrative positions within the school system. A restructuring of administrative personnel followed, and the plaintiff, having the least seniority within the school administration, was returned to his former position as teacher, effective June 30, 1979.

More than two years later, in December, 1981, the position of assistant principal became vacant at Hamden high school. The board announced its intention to interview applicants, but the plaintiff claimed that he was entitled to reinstatement to his former position under the terms of the collective bargaining agreement between the union and the board which had been in effect in the 1978-79 school year. During the plaintiff's brief tenure as assistant principal, he had been a member of the defendant union of school administrators. The plaintiff's membership in the defendant union terminated on his demotion to teacher on June 30, 1979. Nonetheless, the collective bargaining agreement between the union and the board provides for the recall of former school administrators, like this plaintiff, who have been demoted because of *reductions in staffing*. The resolution of the issues raised on this appeal depends upon the proper construction of the recall provisions contained in the collective bargaining agreement *covering the 1978-79 school year*. We turn now to that issue.

The collective bargaining agreement in effect when the plaintiff was demoted does not itself set forth the procedures to be followed in staff reductions and recall. Rather, article V of the collective bargaining agreement incorporates by reference the staff reduction and recall procedures set forth in the board policy manual, a separate document. Referring, therefore, to the board policy manual, we find extensive provision for the *reduction* of administrative staff, but only one sentence concerning *recall* of former administrators. That sentence provides that "[a]dministrators shall be recalled by seniority to the first vacancy for which they are certified, qualified, and had previous experience in the Hamden Public School System." There is no dispute that, under the literal terms of the board policy manual, the plaintiff should have been reinstated to his

former position as assistant principal when that position became vacant in December of 1981. The board contends, however, and the trial court found, that the recall procedure set forth in the board policy manual, and as incorporated by reference into the collective bargaining agreement, was applicable for no longer than one year from the time of demotion. On the facts of this case we agree.

The single sentence in the board policy manual concerning recall does not by its terms limit a former administrator's right to be recalled to any particular period of time. The evidence at trial, however, clearly establishes that the parties intended that such right be limited to one year. The board's own policy, prior to 1978, had been to recall administrative personnel to former positions within a one year period following their removal from such positions. Thereafter, the administrator was required to apply for his former position as would any other applicant. Carmen Vegliante, who in 1978 was the chief negotiator for the union, testified that he brought up the matter of recall rights at a union meeting in the spring of 1978. Vegliante testified that most union members were not aware of the board's one year recall policy. The union therefore had authorized Vegliante to attempt to get the board to agree to a written statement of its one year policy concerning recall. Vegliante and Donald Bonyai, the assistant superintendent of schools, agreed that the board's one year recall policy would not be changed unilaterally. A letter from Vegliante to Bonyai, dated July 1, 1978, confirming this agreement was admitted into evidence.

The board and the union clearly incorporated the board's policies on staff reduction and recall into article V of their collective bargaining agreement. That agreement covered the period from July 1, 1978, until June 30, 1980. Prior to the effective date of that agree-

ment, the board and the union had engaged in discussions aimed at clarifying the board's policy with respect to recall. Those discussions resulted in an express agreement between the union and the board that recall rights would be honored for one year. Both the union and the board assert that this is what was intended by their agreement. The trial court found that the parties had intended a one year limitation on recall. We find that the evidence presented fully supports the trial court's conclusion. The plaintiff, therefore, was not entitled to be recalled to his former position as assistant principal under the terms of the applicable collective bargaining agreement.

We next consider the plaintiff's claim against the union. When the plaintiff was informed that he would not be recalled to his former position, he asked the union to file a grievance. Although the plaintiff had not been a member of the union since his demotion to the position of teacher on June 30, 1979, the union nonetheless filed a grievance seeking to determine the plaintiff's right under the collective bargaining agreement to be recalled to the position of assistant principal. The union processed this grievance through the first three steps of the contractual grievance procedure. The grievance was denied at each step, with representatives of the board explaining that under article V of the collective bargaining agreement, the plaintiff's recall rights had expired on June 30, 1980, one year after his demotion. The union agreed with the board, and, on the advice of its parent organization and counsel, decided not to take the matter to binding arbitration.

The plaintiff claims that the union breached its duty of fair representation when it decided not to process his grievance through binding arbitration. The trial court concluded that the union had breached no duty owed to the plaintiff, and we find no error in this conclusion. While a "union may not arbitrarily ignore a

meritorious grievance or process it in perfunctory fashion," an individual employee has no "absolute right to have his grievance taken to arbitration regardless of the provisions of the applicable collective bargaining agreement." *Vaca* v. *Sipes,* 386 U.S. 171, 191, 87 S. Ct. 903, 17 L. Ed. 2d 842 (1967). In fulfilling its duty to process fairly the legitimate grievances of individual employees, the union must be given the discretion to winnow out frivolous claims "prior to the most costly and time-consuming step in the grievance procedures." Id.

The union in this case processed the grievance through the first three steps and determined for itself that the grievance lacked merit. Without suggesting that a union must be correct in such a determination if it is later to avoid liability for failure to process a grievance; *Curtis* v. *United Transportation Union,* 700 F.2d 457, 458–59 (8th Cir. 1983); *Baldini* v. *Local Union No. 1095,* 581 F.2d 145, 151 (7th Cir. 1978); we do note that an employee has no cause of action whatsoever against his union where the employer has not breached the collective bargaining agreement. *Hines* v. *Anchor Motor Freight, Inc.,* 424 U.S. 554, 568–70, 96 S. Ct. 1048, 47 L. Ed. 2d 231 (1976). We think that the trial court and the parties to the collective bargaining agreement have correctly interpreted its recall provisions, and therefore, the plaintiff can have no claim against the union for its failure to process his grievance through binding arbitration.

The plaintiff also claims that the trial court erred in granting the defendants' motions to strike this case from the jury docket. The facts relating to this claim are as follows. The plaintiff initially brought this action against the board only, in a complaint dated March 23, 1982. Thereafter, on September 24, 1982, the plaintiff filed a revised complaint, with the first count directed against the board, and the second against the union.

The board filed its answer on November 30, 1982, and the plaintiff filed his reply on December 17, 1982, thus closing the pleadings between the plaintiff and the board. On the same day, December 17, 1982, the plaintiff filed his claim for trial to the court.

Almost two years later, on October 10, 1984, the union, over the plaintiff's objection, was allowed to amend its answer. The plaintiff filed his reply to the amended answer on October 12, 1984. At the same time the plaintiff filed a claim for a jury trial. Both defendants moved to strike the case from the jury trial list, and the motions were granted by the trial court.

It is well settled that a claim for a jury trial must be filed no later than ten days after the pleadings have been closed. General Statutes § 52-215; see *Home Oil Co.* v. *Todd,* 195 Conn. 333, 339–40, 487 A.2d 1095 (1985). The last pleading between the plaintiff and the board was filed on December 17, 1982. Thus, as against the board, the plaintiff could not properly claim a jury trial after December 27, 1982. As against the union, however, it might be argued that its filing of an amended answer on October 10, 1984, reopened the ten day period in which the plaintiff might claim a jury trial. This argument would have merit only if the amended answer had introduced a new issue of fact into the case. *Home Oil Co.* v. *Todd,* supra. We have compared the amended answer with the original and conclude that it merely restates in different words the very facts which already had been alleged. Moreover, as we have previously determined, the plaintiff could not have prevailed on his claim against the union unless he first established liability on the part of the board. The failure of the plaintiff to establish the board's liability under the collective bargaining agreement requires a directed judgment in favor of the union on the charge that it breached its duty of fair representation. Since the claims against the board were properly tried to the

court, what might have occurred had the claim against the union been tried to a jury becomes irrelevant, and, we think, moot. Therefore, we find no error.

There is no error.

In this opinion the other justices concurred.