[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The plaintiff in this case commenced a malpractice action against her former attorney. Her original complaint was dated February 4, 1991. She later amended her complaint by Amendment of June 3, 1992. The numeration of the revised complaint does not properly number the paragraphs in numerical order as required by the rules of practice. No part of the text of the complaint seems to have been revised. There is no dispute that the plaintiff did not claim the case for a jury trial within ten days of the close of pleadings nor did she claim the case for jury trial within thirty days of the original return date.
Either action would have made a timely jury claim. Instead the case was claimed for the jury docket on April 1, 1992 although the pleadings had been closed since June 13, 1991.
"It is well settled that a claim for a jury trial must be filed not later than ten days after the pleadings have been closed." C.G.S. 52-215; See Home Oil Co. v. Todd, 195 Conn. 333,339-40, 487 A.2d 1095 (1985)." Mastro v. Board of Education,200 Conn. 482, 488 (1986). "In civil actions the jury shall be deemed waived unless requested by either party in accordance with the provisions of 52-215." C.G.S. 51-239b.
Subsequent to the April '92 Jury claim, on April 10, 1992, the defendant Klinger moved to strike the case from the jury docket. Thereafter on June 3, 1992 the plaintiff moved for permission to amend the complaint and that amendment was granted. It made no real change of substance in the text of the complaint.
The plaintiff claims because an amendment to the plaintiff's complaint was made after the jury claim, it should operate nunc pro tunc to authorize the earlier claim to the jury trial list. CT Page 7215
The court, John F. Shea, Jr., J., in Stawicki v. Fraiser,36 Conn. Sup. 343, 344-45, 420 A.2d 913 (1980), analyzed the ten day rule as follows:
 Section 52-215 of the General Statutes provides that within ten days after an issue of fact has been joined, the case may be claimed for the jury docket. Where such a claim has not been made at the original close of the pleadings, the mere filing of amended pleadings which raise no new issues of fact does not give rise to a further opportunity to claim a case for the jury. Atta v. Cutner, 95 Conn. 576. When amended pleadings raise a new issue of fact, however, a new ten-day period arises to claim the matter to the jury. See Kuser v. Orkis, 169 Conn. 66.
There is no new issue of fact raised here by the amendment. The Motion to Strike from the jury docket is granted.
FLYNN, J.