[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S OBJECTION TO DEFENDANT'S CLAIM TO JURY TRIAL
1. Timeliness of Jury Claim
 "It is well settled that a claim for a jury trial must be filed no later than ten days after the pleadings have been closed." Masto v. Board of Education, 200 Conn. 482, 488 (1986).
The Defendant claimed this case for a jury trial on March 25, 1992, which was earlier than ten days after the pleadings were closed; therefore it was a timely claim. The fact that CT Page 7053 the Plaintiff objected on April 3, 1992 does not convert a timely claim into an untimely one.
2. Defendant's Right To Jury Trial
 "If the action existed at common law and involved a legal remedy, the right to a jury trial exists . . ." Skinner v. Angliker, 211 Conn. 370, 376
 "The test is whether the issue raised in the action is substantially of the same nature or is such an issue as prior to 1818 would have been triable to a jury." Skinner v. Angliker, supra, Page 375, quoting Swanson v. Boschen, 143 Conn. 159, 164-165
The issue raised in Counts One, Two and Three of this case is basically whether the Defendant fraudulently obtained donations of money by failing to disclose to potential donors his name as on file with the Conn. State Dept. of Consumer Protection and the fact that he was being paid to solicit funds. The Plaintiff alleges that such non-disclosure constitutes a violation of Conn. General Statutes 21a-190f(3) and21a-190h(10), and a willful, unfair or deceptive act or practice, in violation of Connecticut's CUTPA statute. No criminal penalties are sought.
The Defendant claims that what the Plaintiff is claiming is essentially that the Defendant obtained funds by fraudulent or negligent misrepresentation of a certain state of facts, and that such a cause of action or one substantially similar must surely have been among the earliest associated with the procurement of funds by any non-violent but nevertheless socially unacceptable method. (Defendant's Memorandum of June 2, 1993, Pages 10 and 11).
Since Counts One, Two and Three are based upon an alleged fraudulent non-disclosure, the court must first consider whether that issue ". . . is substantially of the same nature or is such an issue as prior to 1818 would have been triable to a jury."
At early common law, mere non-disclosure did not ordinarily amount to fraud. See Connecticut Law of Torts, Second Edition, Wright and Fitzgerald, section 139 (1968). The exceptions to that rule are not present here. The only reason that the alleged non-disclosures in Counts One, Two and Three could be CT Page 7054 actionable is the statute 21a-190f(e) and h(10), which clearly did not exist 1818. This statutory action does not have its roots in common law and the issues raised in Counts One, Two and Three are not substantially of the same nature or are such issues as would have been triable to a jury before 1818. Counts One, Two and Three are stricken from the jury docket.
Counts Four and Five allege not a non-disclosure, but rather a statement of misrepresentation which was willful and was an unfair or deceptive act or practice in violation of Conn. General Statutes 42-110b(a) (CUTPA).
The issue raised is one of obtaining money through fraudulent misrepresentation. Such an action has its roots in the common law and its remedy is legal rather than equitable. Although the claims are based on relatively recent statutes, the action substantially involves legal rights and remedies that are common law in nature and essence. They are essentially issues of fraud and deceit which are of common law origin. Since the kind of action for fraudulent misrepresentation could have been triable to a jury in 1818, or at the very least is similar in nature to an action that would have been tried to a jury in 1818, the right to a jury trial now exists. Skinner v. Angliker, supra, page 376.
The fact that Count Four is a CUTPA claim does not deprive the Defendant of a jury trial, because the test is the nature of the issue, not whether it is statutory. Since the nature of the claim is fraudulent misrepresentation, there is a right to a jury trial. See The Dime Savings Bank of New York, FSB v. Joann D'Agostino, et al, 7 CSCR 989 (Celotto, J.) (1992).
The Plaintiff's Objection is denied as to Counts Four and Five.
Walsh, J.