[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action, wherein plaintiffs allege breach of fiduciary duty and conversion, was brought by James Gardella, John Gardella and Patsy Cutrone, both as individual directors and as shareholders on behalf of Dwan Subaru, Inc. ["DSI"]. The defendant is Patrick Dwan, president and chief operating officer of DSI. In their amended complaint, dated January 2, 1991, plaintiffs allege that the individual directors, as joint venturers, agreed to enter into an agreement with the defendant for the business of selling and repairing new and used automobiles, and formed DSI in furtherance of this purpose. On December 23, 1991, the court, Rush, J., CT Page 7311 granted a motion to add DSI as party plaintiff.
In defendant's original answer, dated July 6, 1992, he asserted five special defenses, essentially alleging that plaintiffs were contributorily negligent and that the action was barred by various statutes of limitations. The defendant also alleged under headings entitled "By Way Of Set Off To All Counts," "By Way Of Recoupment To All Counts," and "By Way Of Counterclaim Against [DSI]" that he is owed $207,923 plus interest by DSI "by reason of personal advances made by [defendant] of his own personal funds to the corporation over a period of years." On July 14, 1992, defendant filed an amended answer, wherein he added a sixth special defense, alleging that "the plaintiff corporation has collected a sum of money as partial reimbursement for the thefts of Rose Ventre, [allegedly a former employee of DSI] thus causing a reduction in the amount recoverable against the defendant Dwan." Plaintiffs filed answers to the first five special defenses, setoff, recoupment and counterclaim on July 20, 1992, and a request to revise the sixth special defense on September 23, 1992. On September 30, 1992, defendant filed a revised sixth special defense and amended this defense on November 2, 1992. The defendant also amended the setoff, recoupment, and counterclaim on December 15, 1992. On October 9, 1992, plaintiffs filed a motion to strike the sixth special defense, which was denied by this court, Lewis, J., on January 5, 1993. Plaintiffs filed a reply to the amended setoff, recoupment and counterclaim on February 2, 1994 and a reply to the sixth special defense on March 11, 1994.[1]
On February 25, 1994, defendant filed a claim to the jury docket. On March 21, 1994, plaintiffs filed the present motion (#136) to strike the case from the jury docket.
General Statutes § 52-215 provides two periods of time within which issues proper for trial by jury may be entered into the jury docket: one is within thirty days after the return date and the other is within ten days "after an issue of fact is joined." HomeOil Co. v. Todd, 195 Conn. 333, 339, 487 A.2d 1095 (1985). "It is well settled that a claim for a jury trial must be filed no later than ten days after the pleadings have been closed." Masto v.Board of Education, 200 Conn. 482, 488, 511 A.2d 344 (1986).
 "Where . . . a claim has not been made at the original close of the pleadings, the mere filing of amended pleadings which raise no new issues of fact does not give rise to a further opportunity to claim a case for the jury . . . When CT Page 7312 amended new pleadings raise a new issue of fact, however, a new ten-day period arises to claim the matter to the jury."
Associated Investment Co. Ltd. Partnership v. Williams AssociatesIV, 7 CSCR 343 (February 18, 1992, Maiocco, J.), quoting Stawickiv. Fraiser, 36 Conn. Sup. 343, 344-45, 420 A.2d 913 (1980); see also Masto v. Board of Education, supra. "`Where responsive pleading is required . . . the issue is joined when the responsive pleading is filed.'" Home Oil Co. v. Todd, supra, 343, quoting E. Stephenson, Connecticut Civil procedure § 173 (2d Ed. 1970).
When defendant filed the sixth special defense, plaintiffs were required to file a responsive pleading. See Practice Book §§ 112(8) and 171. Although plaintiffs' motion to strike the sixth special defense was denied in January, 1993, they waited for over a year to close the pleadings by replying to the amended sixth special defense and the amended setoff, recoupment and counterclaim. Plaintiffs did not respond to the original or amended sixth special defense until March, 1994. The sixth special defense introduces a new issue into the case, i.e., whether defendant was entitled to a reduction due to certain payments allegedly made to DSI by an insurance carrier to compensate the company for thefts by Rose Ventre. Thus, the issue of fact "was joined" pursuant to § 52-215 on March 11, 1994, when plaintiffs' reply to the sixth special defense was filed, and that defendant had ten days from that time to claim the case to the jury docket. Defendant's claim for a jury trial is dated February 25, 1994. However, "a premature jury trial request remain[s] in the files until an issue [of fact is] joined." (Citation omitted; internal quotation marks omitted.) Home Oil Co. v. Todd, supra, 343. Therefore, defendant's claim for a jury trial was filed within the time required by statute and plaintiffs' motion to strike such claim is denied.
So Ordered.
Dated at Stamford, Connecticut this 12th day of July, 1994.
WILLIAM BURKE LEWIS, J.