### RAYMOND FLINT *v*. NATIONAL RAILROAD PASSENGER CORPORATION
### (12907)

LANDAU, HEIMAN and SCHALLER, Js.

Argued January 5—decision released March 7, 1995

*Cynthia C. Bott,* with whom, on the brief, was *William F. Gallagher,* for the appellant (plaintiff).

*David Thomas Ryan,* with whom, on the brief, was *Craig A. Raabe,* for the appellee (defendant).

SCHALLER, J. The plaintiff appeals from the judgment of the trial court in favor of the defendant relieving it of liability for the plaintiff's injuries sustained during his operation of a jack in the course of his employment. The plaintiff claims that the trial court improperly sustained the defendant's objection to the plaintiff's request for a jury trial.[1] We affirm the judgment of the trial court.

The facts relating to this claim are as follows. The case began in 1986 when the plaintiff, Raymond Flint, initiated an action pursuant to the Federal Employers' Liability Act; 45 U.S.C. § 51 et seq.; alleging that he was injured in 1984 while operating a jack at the direction of his employer, the defendant, National Railroad Passenger Corporation. He claimed that the injury resulted from the defendant's negligence. At the time the pleadings were closed, neither party requested a jury trial. The case was referred to *Hon. Joseph W. Bog-*

---

[1] The defendant claims that the plaintiff failed to file a postjudgment motion pursuant to Practice Book § 320, and, thus, this court should review the plaintiff's claim only under the plain error doctrine. Because we conclude, after plenary review, that the amended complaint did not enlarge the issues involved or raise a new issue of fact, the defendant cannot argue that a decision under the rigorous plain error standard would have been different from that reached under the ordinary civil standard of review. See *Rowan Construction Corp.* v. *Hassane,* 213 Conn. 337, 342, 567 A.2d 1210 (1990). We, therefore, need not reach the § 320 issue.

*danski,* state trial referee, in 1988. A mistrial was declared with respect to the trial before Judge Bogdanski.

Subsequent to the mistrial, the plaintiff filed a request to amend his complaint together with a request for a jury trial. The defendant objected to both requests. At a hearing on the matter, the trial court, *Fracasse, J.,* overruled the defendant's objection to the plaintiff's request to amend his complaint, but sustained the defendant's objection with regard to the plaintiff's request for a jury trial. The plaintiff amended his complaint, and the case who referred to *Hon. John C. Flanagan,* state trial referee.

At the second trial, the plaintiff claimed that his injuries were caused by the defendant's unsafe procedures for operating a jack. The trial court determined, however, that the plaintiff had not sustained his burden of proof with respect to the issue of liability of the defendant and, accordingly, rendered judgment in favor of the defendant. The plaintiff appealed to this court claiming that the trial court had improperly refused to grant his earlier request for a jury trial.

The dispositive issue is whether the plaintiff's request for a jury trial was timely by virtue of having enlarged the existing issues or having raised new issues of fact in his amended complaint. The plaintiff relies on General Statutes § 52-215 which provides in pertinent part that "[w]hen . . . an issue of fact is joined, the case may, within ten days after such issue of fact is joined, be entered in the docket as a jury case upon the request of either party . . . ." The plaintiff claims that he should have been allowed to claim a jury trial when he sought to do so because his amended complaint enlarged already existing issues and added new issues of fact, in particular, new allegations of negligence and new specifications of injuries. When an amended com-

plaint raises a new issue of fact, a new ten day period arises within which to claim the matter to the jury. *Leahey* v. *Heasley*, 127 Conn. 332, 335, 16 A.2d 609 (1940).

In examining the specific pleadings in this case, we note that the plaintiff originally filed a ten paragraph complaint. Paragraph seven alleged that the injuries of the plaintiff were due to the negligence of the defendant, and paragraph eight set forth the injuries that the plaintiff allegedly sustained as a result of the accident. The defendant answered the plaintiff's complaint and pleaded by way of special defense that the injuries sustained by the plaintiff were caused in whole or in part by the plaintiff's own negligence. In paragraph seven of the amended complaint, the plaintiff added a new allegation of negligence. His new allegation of negligence was that the operation of the jacks "in unison" was particularly dangerous, and that his injury resulted from this dangerous procedure. In paragraph eight, the plaintiff attempted to enlarge the allegations of his injuries.

The plaintiff argues that because the original complaint did not contain the "in unison" theory of negligence alleged in the amended complaint, and because the original complaint did not contain the new allegations of injuries, he was entitled to claim a jury trial. The trial court, in its memorandum of decision sustaining the defendant's objection to the plaintiff's request for a jury trial, noted that "[t]he amendment adds no new issue of fact but only restates the factual claims already alleged. *Masto* v. *Board of Education*, 200 Conn. 482, 488, 511 A.2d 344 (1986); *Atta* v. *Cutner*, 95 Conn. 576, 577, 111 A. 847 (1920). Jury claim is stricken."

We conclude that the trial court was correct in determining that the amended complaint did not enlarge the issues involved or raise any new issues so as to create

any right in the plaintiff to claim a jury trial at that stage of the proceedings. *Kuser* v. *Orkis*, 169 Conn. 66, 75, 362 A.2d 943 (1975). The allegations of the original complaint were broad enough to have permitted the plaintiff to offer proof of the "in unison" theory. In fact, at the first trial proof was offered on the issue by the plaintiff's expert witness who testified to the difficulty of operating all three jacks together, a process that he believed would require split second timing. Furthermore, the amendments to the complaint concerning the plaintiff's injuries did not enlarge any existing issues or add any new issues to the case, but merely restated, albeit with more specificity, the plaintiff's original claims of injury.

We conclude that the trial court was correct in determining that the amended complaint merely restated in different language facts that previously had been alleged.

The judgment is affirmed.

In this opinion the other judges concurred.