[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO STRIKE FROM JURY DOCKET
The defendant moves to strike this case from the jury docket. The complaint originally filed alleges damage to a certain oyster CT Page 2793 bed due to a silting condition caused by the defendant. The original complaint alleges in part:
 8. That the construction of the pipe line impacted bed #447 by causing silt to accumulate on it.
 9. That the accumulated silt precluded harvesting.
Subsequent to the pleadings being closed, there was no claim to the jury docket filed and the case is assigned to begin trial before the court, Curran, J., on March 30, 1995.
On February 5, 1995, the plaintiff filed a request to amend complaint, as to which no objection was filed by the defendant. In the amended complaint, the plaintiff alleged a new allegation as follows:
 10. That the accumulated silt precluded the bed from receiving sets since the time of the silting and will prevent sets in the future.
The defendant filed an answer to the amended complaint on March 21, 1995 and a claim to the jury docket was filed by the plaintiff on March 23, 1995. The defendant has moved to strike the case from the jury docket on the basis that the amended complaint raises no new issues of fact and thus does not give raise to a new ten day period subsequent to the joining of issues within which to file a claim to the jury docket pursuant to C.G.S. § 52-215. The plaintiff responds by claiming that paragraph 10 of the amended complaint expands the damage claim to future sets and harvests as opposed to alleging a preclusion of the harvest at the time of silting.
The court agrees with the defendant that the amended complaint does not enlarge the issue of damages or raise new claims not originally asserted so as to begin a new ten day period within which to file a jury claim. The allegations of paragraphs 8 and 9 of the original complaint were broad enough to encompass the claims set forth in paragraph 10 of the amended complaint. See Flint v.National Railroad Passenger Corp., 37 Conn. App. 162, 165-166
(1995). Paragraph 10 of the amended complaint merely restates with more specificity what was alleged in paragraphs 8 and 9 of the CT Page 2794 original complaint.
Indeed, on July 11, 1994 the plaintiff disclosed Clyde L. MacKenzie, Jr., as an expert. The plaintiff disclosed that Mr. MacKenzie would address certain subject matter, including "[t]he present conditions on bed 447 as they relate to the present andfuture cultivation of oysters." (Emphasis added).
For the above reasons the defendant's motion to strike this case from the jury docket is granted and the parties are to proceed to trial before Curran, J. on March 30, 1995 as previously scheduled.
Thompson, J