RAYMOND FLINT *v.* NATIONAL RAILROAD
PASSENGER CORPORATION
(15248)

Callahan, Borden, Berdon, Katz and Palmer, Js.

Argued May 1—officially released July 30, 1996

*William F. Gallagher*, with whom, on the brief, was *Cynthia C. Bott*, for the appellant (plaintiff).

*David Thomas Ryan*, with whom were *John W. Steinmetz* and, on the brief, *Craig A. Raabe*, for the appellee (defendant).

PER CURIAM. The plaintiff, Raymond Flint, an employee of the defendant, National Railroad Passenger Corporation, brought an action against the defendant under the Federal Employers' Liability Act[1] for injuries he sustained while attempting to lift a section of railroad track with a jack. The case was tried to the court, but the court declared a mistrial before rendering judgment. The plaintiff then filed a motion to amend his complaint, together with a claim for a jury trial. The trial court, *Fracasse, J.*, granted the plaintiff's motion to amend but struck his jury trial claim. The case subsequently was referred to *Hon. John C. Flanagan*, state trial referee, and judgment was rendered in favor of the defendant. The plaintiff appealed from the trial court's decision striking his jury trial claim to the Appellate Court, which affirmed the judgment of the trial court. *Flint* v. *National Railroad Passenger Corp.*, 37 Conn. App. 162, 655 A.2d 266 (1995). The plaintiff then petitioned for certification to this court. We granted certifi-

---

[1] 45 U.S.C. § 51 et seq.

cation limited to the following issue: "Under the circumstances of this case, did the Appellate Court properly conclude that the plaintiff's amendments to his complaint did not enlarge the existing issues or present new issues of fact so as to entitle him to claim a jury trial pursuant to General Statutes § 52-215?" *Flint* v. *National Railroad Passenger Corp.*, 233 Conn. 905, 657 A.2d 642 (1995). We affirm the judgment of the Appellate Court.

The parties agree that § 52-215 permits either party to request a jury trial within ten days after an issue of fact has been joined.[2] The parties disagree, however, as to whether the amendments to the plaintiff's original complaint joined new issues of fact. The trial court, in its striking of the jury trial claim, concluded that the amendments added no new issues of fact but only restated the factual claims already alleged. The Appellate Court affirmed the trial court's judgment, concluding that "[t]he allegations of the original complaint were broad enough to have permitted the plaintiff to offer proof of the [additional theory in the amended complaint]." *Flint* v. *National Railroad Passenger Corp.*, supra, 37 Conn. App. 166.

Our examination of the record, briefs and arguments of the parties persuades us that the judgment of the Appellate Court should be affirmed. The central issues relating to § 52-215 and the plaintiff's claim for a jury trial were properly resolved in the thoughtful and comprehensive opinion of the Appellate Court. Id. Because

---

[2] General Statutes § 52-215 provides in relevant part: "When, in any of the above-named cases an issue of fact is joined, the case may, within ten days after such issue of fact is joined, be entered in the docket as a jury case upon the request of either party made to the clerk; and any such case may at any time be entered in the docket as a jury case by the clerk, upon written consent of all parties or by order of court. All issues of fact in any such case shall be tried by the jury, provided the issues agreed by the parties to be tried by the court may be so tried. . . ."

that opinion fully states and addresses the arguments raised in the present appeal, we adopt the Appellate Court's well reasoned opinion as a statement of the facts and the applicable law concerning the certified issue. It would serve no useful purpose for us to repeat the discussion contained therein. Cf. *Val-Pak of Central Connecticut North, Inc.* v. *Commissioner of Revenue Services*, 235 Conn. 737, 740, 669 A.2d 1211 (1996); *Greater Bridgeport Transit District* v. *State Board of Labor Relations*, 232 Conn. 57, 64, 653 A.2d 151 (1995).

The judgment is affirmed.