[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Achilles has filed a motion to strike the instant proceeding from the jury docket as having been filed in an untimely manner. "It is well settled that a claim for jury trial must be filed no later than ten days after the pleadings have been closed. General Statutes § 52-215." Masto v. Board of Education,200 Conn. 482, 488 (1986); see also Home Oil Co. v. Todd, 195 Conn. 33,339-40 (1985). Filing an amended pleading does not reopen the ten day period in which the opposing party may claim a jury trial unless the amended pleading introduces a new issue of fact into the case. Masto v. Board of Education, supra; Flint v. NationalRailroad Passenger Corporation, 37 Conn. App. 162, 164-65, (1995), aff'd, 238 Conn. 282, 284-85 (1996); Hartford NationalBank Trust v. DiFazio, 6 Conn. App. 576, 587 (1986).
In the present case, the only new facts alleged in defendant Lefebvre's amended counterclaim were that the defendant, Vincent Peci, was Lefebvre's grandfather, not his father as alleged in the original counterclaim, and that Lefebvre might be liable to defendant Achilles for the amount of $61,500 instead of $62,500, as alleged in the original counterclaim.
The only change in the amended answer filed by the plaintiff, in response, was to admit that Vincent Peci was Lefebvre's grandfather. Clearly, no new issue of fact was framed by these pleadings. See Kuser v. Orkis, 169 Conn. 66, 75 (1975) (concluding that no new issues of fact were raised when the only new fact alleged in plaintiff's amendment to the complaint was that the child at issue in the paternity suit had been born on a specified date, and the only answer filed by the defendant in response was "not guilty").
Therefore, since no new issue of fact was raised by the amended pleadings, the pleadings in the present case were closed when the plaintiff responded to Lefebvre's original answer, special defenses and counterclaim on October 30, 1996. The CT Page 3256 plaintiff had ten days from that point to claim the case to the jury docket. See Hartford National Bank Trust v. DiFazio,
supra. Because the plaintiff did not file a jury claim until November 25, 1996, more than ten days after the close of the pleadings, § 52-212 requires that the plaintiff's claim to the jury docket be stricken as untimely. Accordingly, the motion to strike is granted, and the objection thereto is overruled.
Moraghan, J.