[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE FROM JURY DOCKET (#125)
On February 13, 1997, the plaintiff filed a motion to strike this case from the jury docket on the ground that the defendants had failed to file their jury claim in a timely manner pursuant to General Statutes § 52-215. General Statutes § 52-215 provides in pertinent part: "When . . . an issue of fact is joined, the case may, within ten days after such issue of fact is joined, be entered in the docket as a jury case upon the request of either party made to the clerk . . . ."
The defendants' claim for a jury trial was filed on February 5, 1997. "It is well settled that a claim for a jury trial must be filed no later than ten days after the pleadings have been closed."
Mastro v. Board of Education, 200 Conn. 482, 488, 511 A.2d 344
(1986). The plaintiff argues that the pleadings were closed on May 10, 1996, the date that the plaintiff filed its answer to the defendants' counterclaim and special defenses, and, therefore, that the defendants' claim for a jury trial was untimely because it was not filed within ten days after the pleadings were closed. The defendants argue that a new ten day period was created when the plaintiff filed its amended complaint on February 5, 1997, and, therefore, that the defendants' February 5, 1997 claim for a jury trial was timely.
"Where the original ten day period for claiming a case to the jury has expired, a new ten day period may be created by the filing of an amended pleading, provided that the amended pleadingsintroduces a new issue of fact into the case." (Emphasis added.)Javit v. Marshall's. Inc., 40 Conn. App. 261, 266, 670 A.2d 886, cert. denied, 236 Conn. 915, 673 A.2d 112 (1996); Mastro v. Boardof Education, supra, 200 Conn. 488. A comparison of the amended complaint with the original, however, reveals that the amendments to the plaintiff's complaint do not introduce new issues of fact into the case, but merely remove the counts against Cappies, Inc. and Ashley Caplan to reflect the fact that the plaintiff has withdrawn her claims against those two defendants. Therefore, no new ten day period was created by the filing of the amended complaint, and that the defendants' February 5, 1997 claim for a CT Page 3193 jury trial was untimely.
Accordingly, the plaintiff's motion to strike this case from the jury docket is granted.
KARAZIN, J.