[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed June 13, 1997
People's Bank ("plaintiff") filed a foreclosure and breach of guaranty action against Alan J. Dauphin, Theresa A. Dauphin and Financial Blueprints, Inc. ("defendants") on July 29, 1994.[1]
The plaintiff's prayer for relief included a request for strict foreclosure, possession of the property, money damages, interest, attorney's fees and a deficiency judgment. On March 6, 1995, the defendants filed an answer, eight special defenses, and six counterclaims based upon fraud, negligence, breach of contract, breach of implied duty of good faith and fair dealing, violation of CUTPA and breach of fiduciary duty. On April 10, 1995, the plaintiff filed an answer to the counterclaims, a reply to the special defenses and a claim to the nonjury trial list. On January 15, 1997, the defendants filed, without objection, an amended answer, special defenses and counterclaims. On February 26, 1997, the plaintiff filed an answer to the amended counterclaims and a reply to the amended special defenses. On February 28, 1997, the defendants filed a certificate of closed CT Page 6236 pleadings and a claim for a jury trial.
On March 12, 1997, the plaintiff filed a motion to strike the case from the jury trial list and reinstate it to the court trial list, along with a memorandum of law. The defendants filed a memorandum in opposition. After oral argument, both parties filed supplemental memoranda.
A. Request for a Jury Trial
"General Statutes § 52-215 provides two periods of time within which a case may be claimed to the jury docket. One is within thirty days after the return day. The other is contained in the provision which reads, in part, as follows: "When . . . an issue of fact is joined, the case may, within ten days after such issue of fact is joined, be entered in the docket as a jury case upon the request of either party made to the clerk." (Internal quotation marks omitted.) Home Oil Co. v. Todd, 195 Conn. 333,339, 487 A.2d 1095 (1985). The defendants claim their amended answer, special defenses and counterclaims raised a new issue of fact, which provided a new 10-day period for filing a jury claim. The plaintiff argues that the defendants' amended pleadings did not create a new issue of fact, and therefore, the jury claim is untimely.
Practice Book §§ 282 and 260.
The plaintiff raised this argument in a motion to strike pursuant to Practice Book, 1978, § 282, which historically has been the proper method to raise such an argument. Skinner v.Angliker, 15 Conn. App. 297, 302 n. 3, 544 A.2d 246 (1988), aff'd211 Conn. 370, 559 A.2d 701 (1989). "The defendants properly moved to strike the matter from the jury list pursuant to Practice Book § 282 which provides: `If in the opinion of the court a case or matter is improperly upon a trial or assignment list, it will be stricken from the list, or otherwise disposed of, at the discretion of the court.'" Skinner v. Angliker, supra,15 Conn. App. 302 n. 3.
Effective October 1, 1996, however, Practice Book § 282 was repealed. The defendants argue that with the repeal of Practice Book § 282, this court does not have the authority to strike their jury claim. They argue that Practice Book § 282 provided the authority for parties to file a motion to strike pursuant to Practice Book § 152 and Practice Book § 152 CT Page 6237 standing alone does not provide the grounds for a motion to strike a jury claim. It is the defendants' position that when the case comes to trial, the trial judge will decide which issues of fact will be heard by the jury and which by the court, pursuant to Practice Book §§ 307 and 308.
The plaintiff counters that the repeal of Practice Book § 282 does not preclude the court from deciding if a case was improperly claimed to a jury. The plaintiff claims that the repeal was simply an administrative change and was not intended to repeal the rights afforded by General Statutes § 52-215
and Practice Book § 260.
However, also in October 1996 Practice Book § 260 was amended and expanded. This rule of practice now reads: "All claims of cases for the jury shall be made in writing, served on all other parties and filed with the clerk within the timeallowed by Gen. Stat. § 52-215. The jury claim fee shall bepaid at the time the jury claim is filed." (Emphasis added.) Practice Book § 260.
The comments to the Practice Book annotated, by Moller and Horton anticipated the very issue now before the court. "The amendments most obviously address administrative concerns. . . . One problem with the substantive procedure is seen in the elimination of § 282. That rule provided a procedure for parties to contest a jury claim through a Motion to Strike. No provision in the amendments addresses that void." See Practice Book § 252, commentary. Moller and Horton suggested that perhaps an objection to the claim under § 260 could be filed as an alternative to the motion to strike. See Practice Book §§ 260, 282, commentary.
The plaintiff has asked this court to consider its motion to strike as an objection to the jury claim per Practice Book § 260. The court finds that the repeal of Practice Book § 282 was not intended to eliminate the ability of a party to challenge a claim to a jury trial at the time the claim is filed. To the extent that the procedure for challenging a jury claim was dependent on Practice Book § 282, Practice Book § 260 fills the void.
B. New Issue of Fact
"It is well settled that a claim for a jury trial must be CT Page 6238 filed no later than ten days after the pleadings have been closed." Masto v. Board of Education, 200 Conn. 482, 488,511 A.2d 344 (1986). "Where the original ten day period for claiming a case to the jury has expired, a new ten day period may be created by the filing of an amended pleading, provided that the amended pleading introduces a new issue of fact into the case."Javit v. Marshall's Inc., 40 Conn. App. 261, 266, 670 A.2d 866, cert. denied, 236 Conn. 915, 673 A.2d 1142 (1996). A new ten day period does not begin if the amended pleading did not enlarge anyexisting issues or add any new issues to the case, but "merely restated, albeit with more specificity, the plaintiff's original claims of injury." Flint v. National Railroad Passenger Corp.,37 Conn. App. 162, 166, 655 A.2d 266 (1995), aff'd, 238 Conn. 282,679 A.2d 352 (1996).
In the present matter, the defendants originally filed an answer consisting of denials to the plaintiff's allegations, eight special defenses and six counterclaims. The facts supporting the counterclaims were laid out in 38 paragraphs in the first special defense, which the counterclaims incorporated. The defendants amended the first (fraud), third (breach of contract) and fifth counterclaim (CUTPA).
The specific language in the first counterclaim originally alleged: "40. The defendants have and will sustain injury and damage as a result of the fraudulent representations." When amended, this counterclaim alleges: "40. The statements and representations made by the plaintiff, its officers, agents, servants, and employees were made knowing that the same were false." Additionally, paragraph 41 of both first counterclaims alleges: "[t]he defendants relied upon the representations of the officers, agents, servants and employees of the plaintiff to their detriment."
The specific language in the third counterclaim alleged:
"39. The plaintiff breached its contract with the defendants.
40. The defendants have sustained money damages as a result of the breach." When amended this counterclaim alleges: "39. The defendants have performed all their obligations under the contract.
40. The plaintiff breached its contract with the defendants.
41. The defendants have sustained money damages as a result of the breach." CT Page 6239
The specific language in the fifth counterclaim alleges: "39. At all times herein the plaintiff was a banking [sic] under [sic] engaged in trade and commerce within this state. 40. During the course of trade and commerce, the plaintiff committed unfair and deceptive trade practices as described in the previous paragraphs, but not limited thereto in violation of Connecticut General Statutes § 42-110a et seq." As amended this counterclaim added: "41. The defendants have sustained ascertainable loss and damage."
The specific paragraphs shown above must be read in conjunction with the first 39 paragraphs of the first special defense. Throughout the first special defense, the defendants continuously allege that the plaintiff knew the defendants needed the loan, made representations a loan would be made, did not extend the loan, but instead, engaged in a plan of deceit. The defendants allege that they became aware of the plan of deceit and suffered loss as a result. First Special Defense ¶¶ 15-23. The defendants also allege that from the beginning of the business relationship, the plaintiff made false representations and engaged in a pattern of deceptive activity and procured the note and mortgage deed by the use of fraudulent and deceptive conduct. First Special Defense ¶¶ 37-39.
The original counterclaims, which incorporated the first 39 paragraphs of the first special defense, were broad enough to have permitted the defendants to offer proof of their theories at trial.[2] Flint v. National Railroad Passenger Corp., supra,37 Conn. App. 166. In that case, the plaintiff originally alleged he was injured while operating a jack at the direction of the defendant. The plaintiff's amended complaint alleged that the plaintiff was injured by operating the jacks in unison. The appellate court held "the amended complaint did not enlarge the issues involved or raise any new issues so as to create any right in the plaintiff to claim a jury trial at that stage of the proceedings." Id. See also Masto v. Board of Education, supra,200 Conn. 488 (amended pleading "merely restates in different words the very facts which already had been alleged"), Javit v.Marshall's Inc., supra, 40 Conn. App. 266. The court, in the case at bar, finds that the defendants did not enlarge the existing issues or add a new issue in their amended pleading and thus, have no right to claim a jury trial at this stage of the proceedings. CT Page 6240
The plaintiff's Motion to Strike from Jury Trial List and to Reinstate to Court Trial List dated March 12, 1997 is granted.
Rittenband, J.