[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Lise-Lotte Knudsen, instituted this action, returnable April 26, 1994, against the defendant, Shawmut Bank, in two counts.
Count one alleges that the plaintiff sustained money damages, as a result of the refusal of the defendant bank to extend the time for a closing on real property to take place.
The plaintiff, in a stipulated judgment, agreed to pay $350,000 to the defendant as consideration for the conveyance of the real property.
Count two claims a violation of the Connecticut Unfair Trade Practices Act (CUTPA).
On December 23, 1994, the defendant filed an answer to the complaint. The answer did not raise any issues by way of special defense.
On January 27, 1995, the defendant moved for a trial by jury, which request was denied as untimely by the court, Riefberg, J.
On October 22, 1997, the defendant filed a request to amend its answer, to include four special defenses.
The plaintiff replied to the special defenses on December 16, 1997, and filed a claim to the jury docket the next day, December 17, 1997.
The defendant moves to strike the jury claim, contending that the filing of the answer and special defense did not serve to reopen the Period within which a jury claim can be timely filed.
The defendant argues that the amended pleading contains no new issues of fact.
The plaintiff responds that the special defense interposes a theory of defense not previously advanced, and raises issues of fact not raised in the original pleadings.
The filing of a claim for the jury docket is governed by CT Page 10474 § 52-215 of the Connecticut General Statutes. That statute reads in pertinent part as follows:
 "When . . . an issue of fact is joined, the case may, within ten days after such issue of fact is joined, be entered in the docket as a jury case upon the request of either party. . . . ."
Connecticut Practice Book § 10-56 provides for reply pleadings to be filed in response to a special defense. The filing of a reply pleading effectively joins an issue of the fact, on which the defendant assumes the burden of proof.
The question presented is whether the plaintiff's request for a jury trial was timely.
New pleadings, which merely restate factual claims already made, and raise no new issue of fact, are not sufficient to create in a plaintiff the right to claim a jury trial. Flint v.National Railroad Passenger Corporation., 37 Conn. App. 162,165-66 (1995); Masto v. Board of Education, 200 Conn. 482, 488
(1986).
Unlike Flint, in which the plaintiff sought to add an additional claim of negligence to an existing complaint, the defendant, in this case, has alleged defenses for the first time in the pleading of October 22, 1997.
This October 22, 1997 pleading raises a new issue, and a new defense not previously raised.
The motion to strike the jury claim is denied.
Radcliffe, J.