[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The Defendant seeks a jury trial pursuant to General Statutes § 52-215 and Practice Book § 14-10. Since the claim for a jury trial was made well beyond the thirtieth day following the return day, the only basis for such a claim is if it was filed within ten days after an issue of fact was joined. General Statutes § 52-215.
The relevant pleadings in this action are as follows: a Complaint dated May 6, 1997 and returnable to this court on July 1, 1997; an Answer and Special Defenses filed July 18, 1997; an Amended Answer and Special Defenses filed June 18, 1998; and two seemingly identical Replies to Special Defenses filed on July 15 and 21, 1998, respectively. At the time the Plaintiff filed her Replies to Special Defenses, she did not certify that the pleadings were closed. On November 17, 1998, well more than ten days following the Plaintiff's filing of her Replies to Special CT Page 1196 Defenses but before her certification that the pleadings were closed (which occurred on November 30, 1998), the Defendant filed his jury claim. On December 4, 1998, the Plaintiff objected to the Defendant's jury claim as untimely. The Plaintiff contends that the jury claim should have been made within the ten day period following the filing of her Reply to Special Defenses since that pleading constituted the joining of an issue of fact as required by § 52-215. The Defendant, on the other hand, argues that he retained the ability to claim a jury trial until ten days following Plaintiff's certification that the pleadings were closed.
In Home Oil Co. v. Todd, 195 Conn. 333 (1985), the Court, quoting from Stephenson, Conn. Civ. Proc. (2d Ed. 1971) § 173, observed that "[w]here responsive pleading is required . . . the issue is joined when the responsive pleading is filed." In this case, the Defendant's filing of special defenses called for the filing of a responsive pleading (Plaintiff's reply), and that responsive pleading was filed no later than July 21, 1998. The jury trial claim should have been made within ten days following that date. The Plaintiff's failure to certify that the pleadings were closed does not change this result. It is questionable whether the certification even constitutes a pleading. It raises no factual or legal issues. It simply is intended to alert the court to the fact that the matter is ready for a trial assignment. Nevertheless, even if this Court were to construe the certification of closed pleadings as a "pleading" itself, the mere filing of subsequent pleadings which raise no new issues of fact does not give rise to a further opportunity to claim a case for the jury. Stawicki v. Fraiser, 36 Conn. Sup. 343 (1980).
The Plaintiff's objection to the Defendant's claim to the jury list is sustained and the claim is hereby stricken. This matter is to be placed on the list for a court trial.
Solomon, J.