[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANTS MOTION TO STRIKE PLAINTIFFS JURY CLAIM OF JUNE 29. 1998
In August, 1997, Hilda Santos filed a two-count complaint on behalf of Carlos Carwin, her minor son. This complaint alleges negligence against the defendant, St. Vincent's Special Needs Center, Inc. in connection with two separate incidents. On April 1, 1998, the plaintiff claimed this case for a court trial. On May 21, 1998, the plaintiff filed a request for leave to amend the complaint, which was not objected to by the defendant. The defendant subsequently filed an amended answer on June 23, 1998.
The plaintiff claimed this case for the jury docket on June 29, 1998. On July 1, 1998, the defendant filed a motion to strike the plaintiff's case from the jury docket on the ground that the case was not claimed for it within the time prescribed by General Statutes §§ 52-215, 51-239b and Practice Book § 14-10.
Specifically, the defendant argues that the plaintiff failed to claim the case to a jury within ten days after the issues of fact were joined. Furthermore, the defendant contends that the plaintiff's later amended complaint fails to raise new issues of fact which would trigger a new ten day period in which to file a jury claim. Plaintiff claims that paragraphs seven, nine, twelve, thirteen, fourteen, and fifteen of his amended complaint do raise new issues of fact and that she was thus entitled to a new ten day period within which to file a jury claim.
Defendant notes that the amended complaint contains the same two counts alleging the same negligence and concerning the same two separate incidents as the original complaint. Plaintiff claims the amended complaint contains new factual allegations and issues which have been set out to buttress a new theory, res ipsa loquitur. Defendant emphasizes that the plaintiff's claim of a new legal theory is, nonetheless, based on the same incidents and facts detailed in his initial complaint, and that no new issue of CT Page 3208 fact has been set out.
General Statutes § 51-239b provides that "[i]n civil actions a jury shall be deemed waived unless requested by either party in accordance with the provisions of section 52-215." General Statutes § 52-215 provides in pertinent part: "When, in any of the above-named cases an issue of fact is joined, the case may, within ten days after such issue of fact is joined, be entered in the docket as a jury case upon the request of either party made to the clerk; and any such case may at any time be entered in the docket as a jury case by the clerk, upon written consent of all parties or by order of court. All issues of fact in any such case shall be tried by the jury, provided the issues agreed by the parties to be tried by the court may so be tried.
"It is well settled that a claim for a jury trial must be filed no later than ten days after the pleadings have been closed." Masto v. Board of Education, 200 Conn. 482, 488,511 A.2d 344 (1986). "Where the original ten day period for claiming a case to the jury has expired, a new ten day period. may be created by the filing of an amended pleading, provided that the amended pleading introduces a new issue of fact into the case."Javit v. Marshall's. Inc., 40 Conn. App. 261, 266, 670 A.2d 886, cert. denied, 236 Conn. 915, 673 A.2d 1142 (1996).
"Where [a jury claim] has not been made at the original close of the pleadings, the mere filing of amended [or substituted] pleadings which raise no new issues of fact does not give rise to a further opportunity to claim a case for the jury." (Internal quotation marks omitted.) Hartford NationalBank Trust Co. v. DiFazio, 6 Conn. App. 576, 587,506 A.2d 1069, cert. denied, 200 Conn. 805, 510 A.2d 192 (1986). New pleadings, which either merely restate factual claims already made and/or fail to enlarge the issues involved or raise new issues, are not sufficient to afford a plaintiff the right to claim a jury trial. See Masto v. Board of Education, supra,200 Conn. at 488; Flint v. National Railroad PassengerCorporation, 37 Conn. App. 162, 165-66, aff'd 238 Conn. 282. 284-85, 679 A.2d 352 (1995).
Here, the court has thoroughly examined the amended pleadings and finds they do not raise any new issues of fact, but rather come much closer to merely restating the factual claims earlier alleged. The amended complaint contains the same two counts alleging the same negligence and concerning the same two separate CT Page 3209 incidents as the original complaint. Paragraphs seven, nine, twelve, thirteen, fourteen, and fifteen constitute the so-called "new additions," but they add nothing substantial, and merely rephrase or embroider the same facts. E.g., one learns from the fresher re-pleading, defendant held itself out as fully capable; that plaintiff (earlier pleaded to be quadriplegic) was wholly reliant and not at fault. Then, two of the new paragraphs (see 13 15 of Count One) are rather duplicative of each other, in setting out the res ipsa loquitur claim.
The only aspect closer to "new" than any of the above is that found in (new) paragraph 14 in which plaintiff alleges defendant "had exclusive control of plaintiff . . . and his environment where the injury occurred".
This court has come to feel that this allegation ought not be termed a "new fact" allegation because it overlaps to a great extent the other allegations whereby a plaintiff would ordinarily seek to show negligence by his inpatient care provider, res ipsa
claim or not. Additionally, and more to the point, possibly, is that our law does not require narrowly that one searches for a new single "fact", no matter how thinly sliced or how differently phrased; instead, or additionally, the court may or ought inquire as to whether the proof to be probably adduced under the new rubric would be called for or allowed under the old. E.g., inFlint supra, the court declined to approve a post-amendment jury claim, noting not only that the amendment "did not enlarge the issues involved or raise any new issues. . . .", but that "the allegations of the original complaint were broad enough to have permitted the plaintiff to offer proof . . ." [of the kind allowable under the new complaint.] Flint, 37 Conn. App. 162 at 165-166. So too here. The allegations of the original complaint were broad enough to have permitted the plaintiff to offer virtually the same proof in support of either theory.
As a result, the pleadings should be deemed fully and finally closed, for jury claim purposes, when first closed on April 1, 1998. The plaintiff did not file a jury claim until June 29, 1998, obviously more than ten days after the close of the pleadings. Thus, the plaintiff has failed to comply with the time limitations set forth in § 52-215 and cannot now claim a jury trial. Any other result would reduce belated jury claims to semantical games. Defendants motion to strike plaintiff's jury claim is granted. CT Page 3210
NADEAU. J.