MAX JAVIT ET AL. *v.* MARSHALL'S, INC., ET AL.
(13445)

Dupont, C. J., and O'Connell and Heiman, Js.

Argued October 27, 1995—decision released February 6, 1996

*Peter B. Rustin*, with whom, on the brief, were *Richard P. Weinstein* and *Gail P. Ferris*, for the appellants (plaintiffs).

*Robert P. Dolian*, with whom was *William H. Bright, Jr.*, for the appellees (defendants).

HEIMAN, J. The plaintiffs appeal from the judgment rendered in favor of the defendants after a trial to the court. The plaintiffs assert that the trial court improperly (1) granted the defendants' motion to strike the plaintiffs' case from the jury docket, (2) failed to find the execution of the lease to be merely a perfunctory act, (3) found that no enforceable contract existed between the parties, (4) found that no enforceable agreement to lease existed between the parties, (5) found that the defendants had not violated an implied covenant of good faith and fair dealing, (6) found that the defendants had not violated the Connecticut Unfair

Trade Practices Act (CUTPA)[1] and (7) found that the plaintiffs were not entitled to recover under the doctrine of promissory estoppel. We agree with the plaintiffs that the trial court improperly struck the case from the jury docket and, on that basis, we reverse the judgment of the trial court. Because the other issues turn on questions of fact rather than questions of law, and, as such, must be resolved by the jury at a new trial, we do not address them.

This action commenced with the filing of a three count complaint against the defendants. The three alleged bases of recovery were promissory estoppel, unfair and deceptive trade practices in violation of CUTPA, and breach of the duty of good faith and fair dealing. The underlying dispute related to lease negotiations with the defendants. The complaint was subsequently amended in order to add Rachel Javit, a coowner of the subject property, as a party plaintiff. The underlying claims and causes of action raised in the original complaint were unaffected by the first amended complaint.[2]

The plaintiffs alleged in the first count of the original complaint and first amended complaint that they were the owners and lessors of the Tri-City Plaza Shopping Center in Vernon, and that the defendants had expressed interest in operating a Marshall's store in the shopping center. According to the plaintiffs, the parties began negotiating a "business deal" that included a proposed lease of retail space and a guarantee of performance. Furthermore, the plaintiffs asserted that Sage-Allen and Company, Inc. (Sage-Allen), was in possession of the premises at issue and that the entire transaction with the defendants was dependent on Sage-Allen's voluntary relinquishment of those premises. The plain-

---

[1] General Statutes §§ 42-110a through 42-110q.

[2] A second amended complaint forms the basis of the issue we must decide.

tiffs further asserted that they had reached a point of accommodation with Sage-Allen and that they were prepared to enter into a termination agreement with Sage-Allen. The plaintiffs contended, however, that before they terminated the Sage-Allen lease, they wanted an absolute promise from the defendants that they would occupy the space in question. The plaintiffs also contended that, at the time of the negotiations with the defendants, the defendants were negotiating directly with Sage-Allen for the purchase of that company. The plaintiffs further claimed that the defendants had possessed a lease executed by the plaintiffs, and that the defendants had retained the lease while they continued to negotiate for the purchase of Sage-Allen. According to the plaintiffs, the defendants promised on numerous occasions that they would "take the Sage-Allen space." The plaintiffs alleged that in reliance on those promises, they entered into a termination agreement with Sage-Allen and declined to negotiate with other potential occupants of the space. The plaintiffs further alleged that after the termination of the Sage-Allen lease agreement, the defendants failed to honor their promises to the plaintiffs regarding the Sage-Allen space. The plaintiffs claimed that they reasonably relied to their detriment on the promises made by the defendants and suffered substantial monetary damages as a result of such reliance. Finally, the plaintiffs asserted that injustice could be avoided only by the enforcement of the defendants' promises through an award of money damages.

The second count of the original and the first amended complaints realleged the factual predicate of the first count, but asserted that the defendants' failure to honor their promises, coupled with their holding on to the lease agreement executed by the plaintiffs for an extended period of time while continuing to negoti-

ate for the purchase of Sage-Allen, constituted an unfair and deceptive trade practice in violation of CUTPA.

The third count of the original and the first amended complaints alleged the same factual predicate as the first and second counts, but asserted that the defendants had breached their duty of good faith and fair dealing.

In neither the original complaint nor the first amended complaint did the plaintiffs allege that a lease agreement existed between the parties, or that the defendants breached such an agreement. The defendants filed an answer to the first amended complaint on October 28, 1991, and the parties were at issue. Neither the plaintiffs nor the defendants claimed the case for a jury trial.

On July 1, 1992, the plaintiffs, with the consent of the defendants, filed a second amended complaint adding an additional count alleging a breach of lease. The defendants filed an answer to the second amended complaint on July 20, 1992, without claiming any special defenses, and the parties were again at issue. On July 21, 1992, within ten days of the second closing of the pleadings, the plaintiffs filed a claim for a jury trial.[3] On August 20, 1992, the defendants filed a motion to strike the case from the jury docket, claiming that the plaintiffs had failed to file their jury claim in a timely manner as required by General Statutes §§ 51-239b[4] and 52-215.[5] On September 4, 1992, the trial court granted the defendants' motion.

[3] General Statutes § 52-215 provides in relevant part: "When . . . an issue of fact is joined, the case may, within ten days after such issue of fact is joined, be entered in the docket as a jury case upon the request of either party made to the clerk . . . ."

[4] General Statutes § 51-239b provides: "In civil actions a jury shall be deemed waived unless requested by either party in accordance with the provisions of section 52-215."

[5] See footnote 3.

The plaintiffs claim that the trial court improperly struck the case from the jury docket. We agree. Where the original ten day period for claiming a case to the jury has expired, a new ten day period may be created by the filing of an amended pleading, provided that the amended pleading introduces a new issue of fact into the case. *Masto* v. *Board of Education*, 200 Conn. 482, 488, 511 A.2d 344 (1986). If a new issue of fact is introduced by the amended pleading, requiring the filing of a responsive pleading, then the new ten day period within which the parties may elect a jury trial begins to run from the time that the responsive pleading is filed and the parties are again at issue. *Home Oil Co.* v. *Todd*, 195 Conn. 333, 343, 487 A.2d 1095 (1985).

The plaintiffs filed their jury claim within ten days after the defendants filed their answer to the second amended complaint. Thus, in light of the legal principles stated above, we must determine whether the plaintiffs' second amended complaint introduced new issues of fact into the case. If new issues of fact were introduced into the case, then the plaintiffs were entitled to have the case entered on the jury docket.

"At the outset, we emphasize that the construction of a pleading is a question ultimately for the court. . . . When a case requires this court to determine the nature of a pleading filed by a party, we are not required to accept the label affixed to that pleading by the party. In this vein, we analyze the pleadings at issue in the present case." (Citations omitted.) Id., 340.

We have compared the first amended complaint with the second amended complaint and conclude that the second amended complaint imported new issues of fact into the case. In the first count of the second amended complaint, the plaintiffs alleged that the defendants "agreed to lease" the Sage-Allen space from the plaintiffs, and that the defendants "breached said Lease

Agreement" by failing to execute documents, take possession of the premises and honor the terms of the documents, including all financial commitments contained therein. These factual allegations, especially the claim that a lease agreement actually existed and that the defendants breached the agreement, are new factual allegations not found in the original or first amended complaint.[6]

Thus, because the plaintiffs alleged new issues of fact in the second amended complaint and filed their jury claim within ten days after the parties were at issue, we conclude that the plaintiffs were entitled to a jury trial and that the trial court improperly struck the case from the jury docket.[7]

The judgment is reversed and the case is remanded with direction to deny the defendants' motion to strike the case from the jury docket and for a new trial before a jury.

In this opinion the other judges concurred.

---

[6] The defendants posit that, even if the plaintiffs have alleged new facts, the cause of action asserted would violate the statute of frauds; General Statutes § 52-550; and, therefore, the plaintiffs would be foreclosed from recovery. We note that certain factors remove a case from being governed by the statute of frauds and that the existence or nonexistence of these factors turns on the evidence adduced at trial. Thus, we are unable to anticipate whether the lease agreement alleged is barred by the statute of frauds. This is an issue that must be resolved at trial, not on a factually unsupported assertion.

[7] We note that because the second amended complaint raised new issues of fact, our opinion in *Flint* v. *National Railroad Passenger Corp.*, 37 Conn. App. 162, 655 A.2d 266, cert. granted, 233 Conn. 905, 657 A.2d 642 (1995), is not controlling. In that case, we determined that the trial court properly denied the plaintiff's claim for a jury trial because "the amendments to the complaint concerning the plaintiff's injuries did not enlarge any existing issues or add any new issues to the case, but merely restated, albeit with more specificity, the plaintiff's original claims of injury." Id., 166.