[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
The plaintiff, David Dubinsky, claims damages from the defendant, Citicorp Mortgage, alleging that as part of the mortgage loan commitment, the bank performed an appraisal of the property which incorrectly reflected an inflated value of the property and that the plaintiff was damaged in that he was induced to purchase the property in reliance on the appraisal. On August 13, 1996, the defendant filed this motion for summary judgment arguing that it had no duty and there was no agreement between the parties to provide an accurate appraisal and that under Connecticut law it was entitled to judgment as a matter of law.
The mortgage loan commitment in this case states that "Connecticut Public Act 87-6 entitles you to a copy of the property appraisal performed to support your loan application." The plaintiff argues that this language creates a contractual obligation to perform the appraisal with reasonable care. However, the fact that the plaintiff is entitled to a copy of the appraisal does not mean that the plaintiff should have reasonably relied on such an appraisal.
Ordinarily, there is no relationship between a potential lender and a loan applicant upon which to predicate a duty to perform an accurate appraisal for the benefit of the loan applicant. Cordtz v. Arbor National Mortgage, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 317401 (March 10, 1995, Freedman, J.); see also Gleason v. HuntingtonMortgage Co., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 535573 (August 21, 1996, Wagner, J.), holding that because mortgage lender was not in the information business it could not be liable for negligent misrepresentation when it ordered a septic tank inspection which the plaintiff relied upon to his damage because it owed no duty of care to the plaintiffs. In Cordtz, supra, the court noted "A potential lender conducts an appraisal for its own use in CT Page 7087 evaluating a piece of property as collateral. It is not reasonably foreseeable that a person who applies for a mortgage will rely upon an appraisal in negotiating the purchase of a parcel of property, where the appraisal was conducted solely for use by the potential mortgagee in valuing the collateral and deciding whether to enter into the mortgage transaction."
The plaintiff relies on Tackling v. Shinerman, 42 Conn. Sup. 517
(1993) which is inapposite because in that case the court found a genuine issue of material fact regarding whether it was reasonably foreseeable that the negligent performance of the appraiser's duty would result in the general harm alleged by the plaintiffs resulting from lead poisoning, where the appraiser was required, pursuant to HUD/FHA guidelines, to determine the existence or absence of lead paint.
A mortgagor cannot, under our law, so rely on a mortgage appraisal performed for the bank's interest, as to predicate a claim against the bank if the appraisal turns out to be inaccurate.
Motion for Summary Judgment is granted.
Jerry Wagner Trial Judge Referee