[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE FROM JURY LIST (#169)
On September 15, 1998, the defendant/cross-claim defendant, Kings West Limited Partnership ("KWLP") claimed the underlying matter to the jury list. On October 2, 1998, the defendant/cross-claim plaintiff, the Sotavento Corporation ("Sotavento") moved to strike from the jury list on the grounds that KWLP's claim for jury was untimely and inappropriate. KWLP filed an objection to the motion to strike from the jury list on October 7, 1998.
A review of the file indicates the following procedural background. On June 24, 1997, Sotavento filled a two-count cross-claim against KWLP in which Sotavento alleged that KWLP was in default on monies owed Sotavento from an outstanding promissory note. On September 22, 1997, Sotavento filed an amended cross-claim in which it added three additional counts against KWLP and the cited in defendant Marcellio Enterprises, LLC ("Marcellio").
On November 7, 1997, KWLP filed an answer and two special defenses that addressed the June 24, 1997 complaint. Then, on July 29, 1998, KWLP filed yet another answer, five special defenses and a counterclaim specifically in response to the September 22, 1997 cross-claim. Sotavento has, on September 10, 1998, filed on objection to KWLP's answer, special defenses and counterclaim dated July 29, 1998. This objection is currently pending before this court.
General Statutes § 52-215 provides, in pertinent part, that "[w]hen, in any [case] an issue of fact is joined, the case may, within ten days after such issue of fact is joined, be entered in the docket as a jury case upon the request of either party made to the clerk . . ." General Statutes § 52-215.
According to Sotavento, KWLP's November 7, 1997 answer and special defenses joined all issues, and, therefore, a claim for a jury trial must have been filed within ten days of that date. Moreover, Sotavento argues that since that time, it has been CT Page 14074 granted a motion for summary judgment as to liability by the court, Skolnick, J., which makes the jury claim all the more inappropriate.
KWLP, in turn, argues that its July 29, 1998 answer, special defenses and counterclaim created new issues of fact which would be joined only when Sotavento filed the appropriate responsive pleadings. Since Sotavento has not pleaded in response to the July 29, 1998 answer, special defenses and counterclaim, KWLP argues that its claim for jury list, though "premature" in that the ten day period provided for in General Statutes § 52-215
has not yet begun to run since the issues have not yet been joined, is, nonetheless, timely and proper.
"Where the original ten day period for claiming a case to the jury has expired, a new ten day period may be created by the filing of an amended pleading, provided that the amended pleading introduces a new issue of fact into the case . . ." (Citations omitted.) Javit v. Marshall's Inc., 40 Conn. App. 261, 266,670 A.2d 886 (1996). "If a new issue of fact is introduced by the amended pleading, requiring the filing of a responsive pleading, then the new ten day period within which the parties may elect a jury trial begins to run from the time that the responsive pleading is filed and the parties are at issue again . . ." (Citations omitted.) Id. Where a jury claim is filed when no viable ten day period under § 52-215 is running, the "premature jury trial request remain[s] in the files until an issue [of fact is] joined . . ." (Citations omitted; internal quotation marks omitted.) Home Oil Co. v. Todd, 195 Conn. 333,343, 487 A.2d 1095 (1985).
The court overrules Sotavento's pending objection to KWLP's July 29, 1998 answer, special defenses and counterclaim, and the motion to strike from the jury list is denied. The July 29, 1998 pleading has added new issues of fact which have not yet been joined. Although the ten day period in § 52-215 has not yet begun to run, KWLP's premature claim to the jury list remains timely.
BALLEN, J.