[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The plaintiff moves to strike the defendant's claim for a jury trial on the ground that the defendant failed to file her claim in a timely manner pursuant to General Statutes §52-215. General Statutes § 52-215 provides in relevant part: "[w]hen . . . an issue of fact is joined, the case may, within ten days after such issue of fact is joined, be entered in the docket as a jury case. . . ." The defendant, however, argues that her amended answer introduced new issues of fact that created another ten day period to file a jury claim. See Javit v.Marshall's Inc., 40 Conn. App. 261, 265, 670 A.2d 886, cert. denied, 236 Conn. 915, 673 A.2d 1142 (1996) ("Where the original ten day period for claiming a case to the jury has expired, a new ten day period may be created by the filing of an amended pleading, provided that the amended pleading introduces a new issue of fact into the case.") While the defendant alleges that the plaintiff's inadequate brakes caused the accident in her amended answer, she only alleged that the plaintiff "failed to keep, a proper lookout" and "failed to maintain said vehicle under proper control" in her original answer. Alleging that the plaintiff was inattentive or negligent in controlling his vehicle only concerns the plaintiff's conduct at the time of the accident. On the other hand, alleging that the plaintiff had defective brakes concerns the plaintiff's conduct prior to the accident. Consequently, the amended answer raises new issues of fact because the defendant could not have offered negligent car maintenance to prove her original allegations that the plaintiff negligently drove at the time of the accident. See Javit v.Marshall's, Inc., supra, 266-67 (finding new factual allegations in second pleading when first pleading failed to assert lease agreement existed); cf. (Internal quotation marks omitted.) Flintv. National Railroad Passenger Corp., 238 Conn. 282, 284,679 A.2d 352 (1996) (failing to find new factual allegations when "allegations of the original complaint were broad enough to have permitted the plaintiff to offer proof of the [additional theory in the amended complaint].")
Asserting a new factual issue in the amended answer created a new ten day period for filing a jury claim in the present case. See Javit v. Marshall's, Inc., supra, 40 Conn. App. 266. The new CT Page 14983 ten day period began on August 3, 1999 when the plaintiff filed his reply to the defendant's amended answer. See Home Oil Co. v.Todd, 195 Conn. 333, 342-43, 487 A.2d 1095 (1985) (holding new ten day period for claiming a jury trial began when filing of responsive pleading created an issue of fact). The defendant filed her claim for a jury on April 23, 1999 prior to the running of the ten day period. "[A] premature jury trial request remain[s] in the files until an issue [of fact is] joined. . . . The request, never having been recalled, was a continuing authority to the clerk to place the cause on the jury docket upon the joining of issue." (Internal quotation marks omitted.) HomeOil Co. v. Todd, supra, 342-43. Thus, the defendant has timely filed her claim for a jury. Accordingly, the plaintiff's motion to strike the jury claim is denied.
So Ordered.
D'ANDREA, J.