[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (DOCKET ENTRY NO. 144)
Before the court is defendant Citicorp Mortgage, Inc.'s Motion for Summary Judgment (docket entry number 144). The plaintiffs, Susan and Frank Forte, filed this two count amended complaint against the defendant, Citicorp Mortgage, Inc., alleging breach of the implied covenant of good faith and fair dealing (count one) and breach of contract (count two)[1] arising from Citicorp's failure to refinance their mortgage and provide them with an accurate appraisal prior to issuing the mortgage. Citicorp now moves for summary judgment as to both counts on the grounds that it did not agree to refinance the mortgage and did not have a contractual or good faith duty to provide the Fortes with an accurate appraisal.
The Fortes allege the following facts. In February, 1990, they decided to purchase a new home and applied to Citicorp for financing. Citicorp issued a mortgage loan commitment conditioned on satisfactory completion of construction, subject to re-inspection and confirmation of the original appraised value at the time of closing. In May, 1990, the Fortes closed on the property. Citicorp alleges that, prior to the transfer of loan proceeds, it provided the Fortes with a copy of the final appraisal accompanied by a cover letter containing a disclaimer as to the appraisal's accuracy. Citicorp also alleges that it provided the Fortes with a HUD home buyers guide explaining that the sole purpose of the final appraisal was to assist the lender in deciding whether to issue the mortgage.
The Fortes allege that, upon moving into the premises, they discovered patent defects that required the expenditure of additional funds to make the necessary repairs. Thereafter, they notified the bank of the defects and requested refinancing at the lower interest rate then prevailing to reduce their monthly payments and make funds available to complete the repairs. Citicorp allegedly told them, as it had during the mortgage application process, that a refinancing request made within one year of the original mortgage would require no additional appraisal, inspection or similar closing costs, and that either a new mortgage or a modification agreement would be provided. CT Page 3282 However, when the Fortes submitted a written request to refinance their mortgage, Citicorp stated that the Fortes could not qualify unless they reduced the principal amount of their debt. The Fortes subsequently ceased making payments to Citicorp and defaulted on the note and mortgage.
In January, 1993, the Fortes filed the present complaint against Citicorp. In December, 1993, Citicorp filed a foreclosure action against the Fortes. Citicorp Mortgaae, Inc. v. Susan C.Forte, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 309951. In their answer to the foreclosure complaint, the Fortes made three counterclaims, the first two virtually identical to their claims in the present complaint. Citicorp filed motions for summary judgment in both actions in December, 1996. In the foreclosure action, the court, Rush, J.,
denied Citicorp's motion on May 6, 1997, finding a genuine issue of fact as to whether the parties had agreed to refinance the mortgage and whether the purpose of the final appraisal was to "confirm" the property's value for the benefit of the Fortes. However, in the present action, the court, Levin, J., found no genuine issue of fact and granted Citicorp's motion on January 13, 1997. The Fortes' subsequent motion to reargue, reconsider and set aside summary judgment in the present action was granted by the court, Levin J., on December 4, 1997. Citicorp now files a second motion for summary judgment pursuant to the court's December 4, 1997 order stating that "the motion for summary judgment may be reclaimed or refiled to be heard in the judicial district in which the action is pending."
"The standard of review for summary judgment is well established. Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . [T]he party seeking summary judgment has the burden of showing the nonexistence of any material fact. . . ." (Internal quotation marks omitted.) Maffucci v. Royal Park Ltd.Partnership, 243 Conn. 552, 554, 707 A.2d 15 (1998).
"[A] party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue . . . It is not enough, however, for the CT Page 3283 opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court. . . ." (Internal quotation marks omitted.) Home Ins. Co. v. Aetna Life CasualtyCo., 235 Conn. 185, 202, 663 A.2d 1001 (1995).
In a motion for summary judgment, a party's claim that there is a genuine issue of material fact must be supported by specific allegations in the pleadings. See New Milford Savings Bank v.Roina, 38 Conn. App. 240, 245, 659 A.2d 1225 (1995). "Demonstrating a genuine issue [also] requires a showing of evidentiary facts or substantial evidence outside the pleadings from which material facts alleged in the pleadings can be warrantably inferred." (Internal quotation marks omitted.) Id., 244. "[T]he construction of a pleading is a question ultimately for the court." (Internal quotation marks omitted.) Javit v.Marshall's, Inc., 40 Conn. App. 261, 266, 670 A.2d 886 (1996).
Citicorp first argues that summary judgment should be granted as to the claim in count one[2] that it breached the duty of good faith and fair dealing because, in the absence of an agreement between the parties, Citicorp did not have a duty to refinance the mortgage. The Fortes reply that Citicorp told them during the mortgage application process and, again, after they informed Citicorp of defects in the property, that a request made within one year to refinance or modify the original mortgage would be granted. The Fortes accordingly conclude that Citicorp breached its oral representations as well as its good faith duty to refinance the mortgage.
In New Milford Savings Bank v. Roina, supra, 38 Conn. App. 243, also a foreclosure action, the court noted the importance of an existing agreement between the parties when alleging breach of the implied covenant of good faith and fair dealing. There, following the bank's refusal to grant their application to refinance a land acquisition loan, the defendants filed a counterclaim alleging breach of an oral agreement, breach of the implied covenant of good faith and fair dealing, breach of fiduciary duty and a violation of CUTPA. See id., 242. However, after the defendant admitted that no oral agreement existed, the trial court granted the plaintiff's motion for summary judgment on the counterclaim. See id., 243. On appeal, the court stated that "[t]here is no dispute that the first count provides the factual predicate for the remaining counts of the counterclaim. CT Page 3284 If, in fact, there was no oral agreement to lend money, or if there was no genuine issue before the trial court regarding the existence of such an oral agreement, summary judgment was proper as to all counts of the counterclaim." Id., 243 n. 2.
The court considered the need for specificity when alleging the existence of an agreement in Javit v. Marshall's, Inc., supra,40 Conn. App. 261. In that case, the plaintiffs/owners claimed that, in reliance on repeated promises by the defendants to lease retail space in their shopping center, they entered into a termination agreement with an existing tenant and declined to negotiate with other potential tenants. See id., 264. Ultimately, the defendants failed to lease the space, causing the plaintiffs substantial financial losses. See id. The plaintiffs sought recovery under theories of promissory estoppel, unfair trade practices and breach of the duty of good faith and fair dealing. See id., 264-65. However, the court concluded that allegations that the defendants had made repeated promises to the plaintiff were not equivalent to alleging the existence of a lease agreement between the parties. See id., 265. "In neither the original nor the first amended complaint did the plaintiffs allege that a lease agreement existed between the parties, or that the defendants breached such an agreement." Id., 265. After the plaintiffs filed a second amended complaint with an additional count alleging breach of a lease, the court determined that "[t]hese factual allegations, especially the claim that a lease agreement actually existed and that the defendants breached the agreement, are new factual allegations not found in the original or first amended complaint." Id., 266-67.
Like the plaintiffs in Javit, who failed to allege a lease agreement in their original complaint, the Fortes now fail to allege or provide any evidence whatsoever of a refinancing agreement. The complaint merely alleges that Citicorp told them that, because their request for refinancing was made within one year, either a new mortgage or modification agreement would be provided. Furthermore, Mr. Forte testified in his deposition on July 14, 1995, that his understanding that Citicorp would approve such a request was merely an "assumption." (See Citicorp's Memorandum, Exhibit H.) The Fortes also allege that Citicorp did not give them "the opportunity to refinance as it had agreed with the plaintiffs that it should. . . ." (Revised Complaint, ¶ 21 (a).) However, alleging that Citicorp agreed to give the Fortes an opportunity to refinance is not the same as alleging anagreement to refinance. See Javit v. Marshall's, Inc., supra, CT Page 328540 Conn. App. 266-67. Accordingly, the court finds no genuine issue of material fact as to Citicorp's breach of a prior agreement between the parties, or its good faith duty to refinance the mortgage, because the Fortes do not allege that such an agreement existed. See id.
The Fortes argue that the law of the case supports their claim because the court, Rush, J., denied Citicorp's similar motion for summary judgment in the foreclosure action on the ground that there was a genuine issue of fact as to whether a refinancing agreement existed. "Where a matter has previously been ruled upon interlocutorily, the court in a subsequent proceeding in the case may treat that decision as the law of the case, if it is of the opinion that the issue was correctly decided, in the absence of some new or overriding circumstance." (Internal quotation marks omitted.) Westbrook v. Savin Rock Condominiums Assn., Inc.,50 Conn. App. 236, 240, 717 A.2d 789 (1998). However, the ruling to which the Fortes allude was made in the course of Citicorp's foreclosure action, an entirely separate proceeding. Moreover, while the ruling was admittedly based on identical facts, the court in the foreclosure action focused on the substantive issue of whether an agreement existed between the parties, and not on the procedural issue, considered here, of whether the Fortes properly alleged that such an agreement existed. Furthermore, the court, Levin, J., in the present action previously granted summary judgment on an identical motion. Accordingly, the court is unpersuaded that the ruling in the foreclosure action should also govern here.
Citicorp next argues that summary judgment should be granted as to the appraisal claims in counts one and two because it did not have either a contractual or a good faith duty to provide the Fortes with an accurate valuation of their-property. Citicorp contends that the sole purpose of the appraisal was to substantiate asset value for its own benefit to assist in evaluating the Fortes' loan application, and that this purpose was clearly conveyed in the cover letter provided with the final appraisal, which stated that "[t]his appraisal was used solely for the purpose of substantiating asset value in support of your application." Citicorp also asserts that prior to closing it provided the Fortes with a "HUD Guide for Home Buyers Settlement Costs" in compliance with the Federal Real Estate Settlement Procedures Act and the Federal Truth in Lending Act, and that the guide similarly explained that the sole purpose of such an appraisal is to provide the lender with information to assure CT Page 3286 that the "value of the property is sufficient to secure the loan. . . ." (Citicorp's Memorandum, Exhibit C, p. 4.) Citicorp additionally points out that the appraisal cover letter contained a disclaimer, warning that "[i]nformation, estimates and opinions furnished to Citicorp Mortgage, Inc. and contained in the report, were obtained from sources reliable and believed to be true and accurate. However, no responsibility for accuracy of such items furnished Citicorp can be assumed by Citicorp. " (Fortes' Memorandum, Exhibit B.) Finally, in responding to the Fortes' claim that the appraisal itself and Citicorp's certification of asset value failed to disclose discoverable defects in construction that were known, or in the exercise of due diligence and competent appraisal inspection should have been known, "to the appraiser and disclosed to the bank, Citicorp asserts that Section 803 of the HUD home buyer's guide provides that "[t]he appraisal does not, however, give rights to the purchaser nor necessarily detect or discuss defects in the property or title to the property." (Citicorp's Memorandum, p. 8.)
The Fortes reply that Citicorp's conditional mortgage commitment required confirmation of the property's original appraised value prior to closing and that both parties agreed that an inspection of the completed construction to confirm value was a condition precedent to the Fortes' signing the loan papers. They maintain that they relied on the appraisal to their detriment in deciding to purchase the property, and that Citicorp knew, or should have known, that they relied on Citicorp's expertise. They conclude that Citicorp breached the mortgage commitment agreement because it provided the Fortes with a certification of asset value which it knew, or should have known, to be false.
In Dubinsky v. Citicorp Mortgage, Inc., 48 Conn. App. 52,708 A.2d 226 (1998), the plaintiff similarly alleged breach of contract arising from the defendant's failure to supply him with an accurate appraisal in connection with a mortgage loan transaction. There, the plaintiff contended that the mortgage loan commitment form signed by both parties expressly obligated the defendant to perform the appraisal in a skillful manner. See id., 56. However, the court concluded that the defendant was not under a statutory, contractual or common-law duty to perform an accurate appraisal for the benefit of the plaintiff. See id., 60. In discussing the breach of contract claim, the court stated that the express language of the loan commitment form "clearly and unambiguously informed the plaintiff that he was entitled to CT Page 3287 receive a copy of the appraisal performed by the defendant for its own benefit in determining whether to approve the plaintiff's loan application,"; id., 57-58; and that "[t]he defendant fulfilled the express terms of the contract when it provided the plaintiff with a copy of the appraisal." Id., 58.
Here, as in Dubinsky, the court finds that the express language of the conditional mortgage commitment did not obligate Citicorp to provide the Fortes with an accurate appraisal. See Dubinsky v.Citicorp Mortgage, Inc., 48 Conn. App. 57. Furthermore, the disclaimer in the cover letter, which was signed by the Fortes upon its receipt, expressly stated that the appraisal was performed for the sole purpose of substantiating value prior to issuing the mortgage commitment, presumably for the benefit of Citicorp. Accordingly, the court finds that Citicorp did not have a contractual obligation to perform an accurate appraisal for the benefit of the Fortes prior to closing.
Citicorp also argues that summary judgment should be granted because it did not have a good faith duty to provide an accurate valuation of the property. The Fortes reply that there is an implied covenant of good faith and fair dealing in every contract without limitation, including negotiable instruments.
"Every contract carries an implied covenant of good faith and fair dealing requiring that neither party do anything that will injure the right of the other to receive the benefits of the agreement." (Internal quotation marks omitted.) MiddletownCommercial Associates Ltd. Partnership v. Middletown,53 Conn. App. 432, 437, 730 A.2d 1201, cert. denied,250 Conn. 919 (1999). See also 2 Restatement (Second), Contracts, Considerations of Fairness and the Public Interest § 205, p. 99-104 (1981). "The implied covenant of good faith and fair dealing requires faithfulness to an agreed common purpose and consistency with the justified expectation of the other party in the performance of every contract." Southbridge Associates, LLC v.Garofalo, 53 Conn. App. 11, 16, 728 A.2d 1114, cert. denied, 249 Conn. 919 (1999)."Essentially, it is a rule of construction designed to fulfill the reasonable expectations of the contracting parties as they presumably intended." (Internal quotation marks omitted.) Id. However, in Dubinsky, the court concluded that, even assuming "that the implied covenant of good faith and fair dealing can be used to incorporate a negligence concept, i.e., duty, into . . . a breach of contract claim, we do not agree that the [lender] was CT Page 3288 under a common-law duty to perform the appraisal with reasonable care." Dubinsky v. Citicorp Mortgage, Inc., supra,48 Conn. App. 58. The court found that, "[u]nder the circumstances, the plaintiff should be expected to know that the appraisal was intended to assist the defendant in determining whether to make the loan, and was not intended to ensure that the plaintiff had made a good investment." Id., 60.
Here, the circumstances are nearly identical to those inDubinsky, including the presence of a disclaimer in the appraisal cover letter. Therefore, under the holding in Dubinsky, the Fortes have not disclosed a "relationship between the [parties] . . . on which to predicate a duty to perform an accurate appraisal for the benefit of the loan applicant,";Dubinsky v. Citicorp Mortgaae, Inc., supra, 48 Conn. App. 59; and it was not reasonably foreseeable that the Fortes, in negotiating the purchase of the property, would rely on the appraisal prepared by the defendant for its own benefit, despite their claims to the contrary. Accordingly, the court finds that Citicorp did not breach a duty to the Fortes under the implied covenant of good faith and fair dealing.
The Fortes argue that the law of the case applies to the appraisal claim because the court, Rush, J., previously denied Citicorp's motion on the same issue. They argue that, in its prior ruling, the court found a question of fact as to whether a purpose of the final appraisal was to benefit the Fortes, and that the same question of fact exists here. However, the prior ruling was made in an entirely separate foreclosure action ten months before the Appellate Court issued the Dubinsky decision. Thus, the court in the foreclosure action relied on the Superior Court opinion in the same case, Dubinsky v. Citicorp Mortgage,Inc., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 541514 (December 26, 1996, Wagner, J.) (18 Conn. L. Rptr. 366), an opinion far narrower in scope than the subsequent appellate ruling, which held that the lender did not have a statutory, contractual or common-law duty to perform an accurate appraisal for the benefit of the plaintiff. SeeDubinsky v. Citicorp Mortgage, Inc., supra, 48 Conn. App. 60.
Accordingly, after viewing the evidence in the light most favorable to the non-moving party, the court finds that the defendant is entitled to summary judgment as to both counts of the plaintiffs' complaint. Therefore, defendant Citicorp's Motion for Summary Judgment is granted. CT Page 3289
SKOLNICK, J.