VINCENT GRECO *v.* COMMISSIONER OF
MOTOR VEHICLES
(AC 19637)

Schaller, Zarella and Daly, Js.

138

Argued September 20—officially released December 19, 2000

*Milo J. Altschuler*, for the appellant (plaintiff).

*Priscilla J. Green*, assistant attorney general, with whom, on the brief, was *Richard Blumenthal*, attorney general, for the appellee (defendant).

### Opinion

DALY, J. The plaintiff, Vincent Greco, appeals from the judgment of the trial court dismissing his administrative appeal.[1] The defendant, the commissioner of motor vehicles (commissioner), suspended the plaintiff's license to operate a motor vehicle and denied his petitions to reconsider and to reopen the hearing.[2] The plaintiff appealed to the Superior Court, which dismissed his appeal. The dispositive issues on appeal are whether the trial court improperly concluded that (1)

---

[1] The plaintiff appealed to the Superior Court under the Uniform Administrative Procedure Act, General Statutes § 4-166 et seq.

[2] The plaintiff filed with the commissioner a petition to reconsider and thereafter, a petition to reopen the hearing to introduce new evidence.

the commissioner's denials of his petitions were not appealable final administrative decisions and (2) the petitions were not timely.[3] We affirm the judgment of the trial court.

The facts in the record are undisputed. On September 21, 1998, at approximately 12:30 a.m., Officer Brian McGinnis of the Orange police department was driving his patrol car north on Grassy Hill Road when he saw a car traveling toward him in the southbound lane at a high rate of speed. The speed limit on Grassy Hill Road is forty miles per hour. The officer clocked the oncoming vehicle at a speed of eighty-four miles per hour. The car slowed quickly upon approaching the officer's patrol car, but continued toward the southbound entrance to the Merritt Parkway. About one tenth of one mile past the entrance, the officer pulled the car over.

The plaintiff was driving the car that the officer pulled over on the Merritt Parkway. The officer questioned the plaintiff and smelled alcohol on his breath. The plaintiff admitted that he had consumed alcohol that night. The officer conducted several field sobriety tests that, cumulatively, convinced him that the plaintiff was operating his motor vehicle while under the influence of liquor.[4] The officer arrested the plaintiff and took

[3] On appeal, the plaintiff also raises the questions of whether the commissioner acted arbitrarily and abused his discretion in suspending the plaintiff's license to operate a motor vehicle and whether there was substantial evidence in the record to support the commissioner's finding that the police officer had probable cause to arrest the plaintiff for operating a motor vehicle while under the influence of liquor in violation of General Statutes § 14-227b. This court need not reach these issues to resolve this appeal.

[4] The officer requested that the plaintiff recite the alphabet from the letter J to the letter W. The plaintiff did not follow the officer's instructions and instead recited the alphabet from the letter J to the letter Z. The officer requested that the plaintiff count backward beginning at fifty-eight and ending at forty-nine. Again, the plaintiff did not follow the officer's instructions and, instead, counted from fifty-eight to forty-six. The officer performed the horizontal gaze nystagmus test. The plaintiff failed. The officer requested that the plaintiff perform both the one-leg stand and the "heel to toe" walk

him to police headquarters, where he requested that the plaintiff submit to a chemical alcohol test (breath test). The plaintiff contacted an attorney and refused to submit to the breath test. The officer forwarded a written report of the plaintiff's arrest to the department of motor vehicles.[5] The report specifically indicated that the plaintiff had refused to submit to the breath test.

On September 28, 1998, the commissioner notified the plaintiff that his license to operate a motor vehicle would be suspended as a result of his failure to submit to the breath test. The plaintiff requested a hearing, which took place on October 13, 1998. On October 14, 1998, the commissioner issued a decision reciting his findings of fact and conclusions of law, including subordinate findings. The commissioner suspended the plaintiff's license to operate a motor vehicle for six months effective October 21, 1998.[6]

The commissioner made the following findings of fact and conclusions of law: (1) the officer had probable cause to arrest the plaintiff for operating a motor vehicle while under the influence of liquor in violation of General Statutes § 14-227b; (2) the plaintiff was operating the motor vehicle; (3) the plaintiff was arrested; and (4) the plaintiff refused to submit to the breath test. As subordinate findings, the commissioner found that the officer had probable cause to stop the plaintiff because the plaintiff was speeding, that the plaintiff had failed the field sobriety tests and that the officer never lost sight of the plaintiff's car.

and turn tests. The plaintiff was unable to maintain his balance without raising his arms and failed to take "heel to toe" steps.

[5] General Statutes § 14-227b (c) provides in relevant part: "If the person arrested refuses to submit to [breath test] . . . the police officer . . . shall immediately revoke and take possession of the motor vehicle operator's license . . . . The police officer shall prepare a written report of the incident and shall mail the report . . . to the Department of Motor Vehicles . . . ."

[6] The plaintiff filed a motion to stay his license suspension on October 16, 1998. The court granted this motion pending the plaintiff's appeal.

On November 3, 1998, twenty days after the commissioner issued his decision, the plaintiff filed a petition for reconsideration.[7] On that same day, the plaintiff appealed to the Superior Court from the commissioner's decision. On November 30, 1998, the commissioner denied the plaintiff's petition, concluding that there was sufficient evidence in the record to support the decision. Sixty-four days after the commissioner's decision to suspend the plaintiff's license, the plaintiff filed a petition to reopen the hearing to introduce new evidence. On December 30, 1998, the commissioner denied the petition on the ground that an appeal was pending in Superior Court.[8]

I

The plaintiff first asks this court to conclude that the commissioner's denial of his petition to reconsider is an appealable final judgment. The plaintiff claims that the trial court improperly dismissed his appeal based, in part, on its conclusion that the denial of his petition for reconsideration was not an appealable final judgment. We disagree.

General Statutes §§ 4-166 (3) and 4-181a are clearly dispositive of this issue. Section 4-166 (3) provides in

---

[7] Both parties refer to October 30, 1998, as the date of the plaintiff's petition for reconsideration and to December 15, 1998, as the date of his petition to reopen the hearing to present new evidence. The commissioner's decision denying both of these petitions, however, indicates that the filing dates were November 3, 1998, and December 17, 1998, respectively. Regardless of what date the document bears, the date the document was filed is the operative date. See *Home Oil Co.* v. *Todd*, 195 Conn. 333, 343, 487 A.2d 1095 (1985) (filing date as endorsed by clerk on pleading is date pleading is filed); Practice Book § 4-3 (all pleadings and papers in pending cases shall be filed with clerk who shall endorse upon each the time when it is filed).

[8] On November 3, 1998, the plaintiff filed a complaint and appeal in the Superior Court, appealing from the commissioner's October 14, 1998 decision to suspend his license to operate a motor vehicle. On December 10, 1998, he amended his appeal to include the commissioner's November 30, 1998, decision denying his petition for reconsideration.

relevant part: "Final Decision . . . does *not* include . . . a ruling of an agency . . . denying a petition for reconsideration . . . ." (Emphasis added.) General Statutes § 4-166 (3). We agree with the trial court that the commissioner's decision denying the plaintiff's petition for reconsideration is not a final decision within the meaning of the Uniform Administrative Procedure Act, General Statutes § 4-166 et seq.

Moreover, while § 4-181a (a) (1) provides in relevant part that "a party in a contested case may, within fifteen days after the personal delivery or mailing of the final decision, file with the agency a petition for reconsideration . . . ." the commissioner's decision denying the plaintiff's petition for reconsideration does not fit within the definition of a "contested case" because it simply is not a final decision. The commissioner's decision to suspend the plaintiff's license to operate a motor vehicle is the only final decision in this case. Therefore, § 4-181a (a) (1) is inapplicable.

We agree with the trial court's conclusion that the commissioner's decision denying the plaintiff's petition for reconsideration is not an appealable final judgment and that the plaintiff's appeal was properly dismissed.

II

The plaintiff next claims that the court improperly concluded that his petitions for reconsideration and to reopen the hearing were untimely. We do not agree.

Section 4-181a allows a party to file a petition for reconsideration within fifteen days "after the personal delivery or mailing of the final decision . . . ." Moreover, where the right to appeal is statutory, the failure to comply strictly with that statute deprives the Superior Court of its jurisdiction. See *Ertel* v. *Carothers*, 34 Conn. App. 18, 21, 639 A.2d 1055 (1994); *Shapiro* v. *Carothers*, 23 Conn. App. 188, 189, 579 A.2d 583 (1990).

The record clearly indicates that the commissioner rendered his final decision to suspend the plaintiff's operator's license on October 14, 1998. The plaintiff admits that there is nothing in the record to indicate that the commissioner mailed the decision on any date other than October 14, 1998. The plaintiff does not allege another date on which the commissioner mailed the decision.[9] The plaintiff's petition for reconsideration is dated October 30, 1998, but was not filed until November 3, 1998. The statutory deadline for filing a petition for reconsideration is fifteen days from the date the decision was mailed. In this case, the plaintiff was required to file his petition for reconsideration no later than October 29, 1998. Under no circumstances did the plaintiff comply with § 4-181a. The first petition for reconsideration was filed late. There is no dispute between the parties that the petition to reopen the hearing to introduce new evidence was not timely filed. The trial court properly concluded that the plaintiff's petitions for reconsideration and to reopen the hearing were not timely filed. The plaintiff's failure to file those petitions in a timely manner implicates the court's subject matter jurisdiction. The trial court may raise sua sponte the issue of subject matter jurisdiction. See *Bittle* v. *Commissioner of Social Services*, 249 Conn. 503, 504–505, 734 A.2d 551 (1999); *Crest Pontiac Cadillac, Inc.* v. *Hadley*, 239 Conn. 437, 443, 685 A.2d 670 (1996). The trial court properly raised the issue of subject matter jurisdiction sua sponte and concluded that the plaintiff's appeal must be dismissed for lack of jurisdiction.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[9] The transcript reveals that the plaintiff argued to the trial court that his petition for reconsideration should have been accepted as timely because "it's not always easy to have everything ready for a hearing within two weeks" and that there were personal extenuating circumstances intervening between the day he received the final decision and the day he filed his petition for reconsideration.