[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO ERASE CASE FROM JURY DOCKET (#198)
This motion furnishes the court with an opportunity to discuss the effect of an untimely claim to the jury trial list filed pursuant to General Statutes § 52-215. The defendant has filed a common law motion to erase the case from the jury docket. This appears to be the proper procedure. A motion to strike a case from the jury docket is not CT Page 419 permitted. Practice Book §§ 10-39 through 10-45.
Prior to October 1, 1996 the Practice Book authorized the use of a motion to strike to remove a case from the jury list. Practice Book § 282. This section was repealed and no rule was substituted in its place. Practice Book § 14-10 remains the only section addressing claims for jury trials. That section does not provide a procedural mechanism for challenging a jury claim or a placing a case in the inventory of jury cases ready for trial. Treatises have discussed one method for a challenge to the improper placing of a matter on the jury list, i.e., by filing an "objection." Moller Horton, 1 Connecticut Practice (3d Ed. 1998 Rev. Supp.) § 260, p. 262. This court views the use of a Motion to Erase to be similar to an "objection." A Motion to Erase is a proper method for removing a case improperly placed on the jury docket. McCutcheon Burr, Inc. v. Berman, 218 Conn. 512, 526-27
(1991); Paul v. New Haven, 48 Conn. App. 385, 398 n. 2 (1998); Girard v.Wiess, 43 Conn. App. 397, 417 (1996); Coollick v. Windham,7 Conn. App. 142, 145 (1986).
 FACTS
The plaintiffs commenced this lawsuit by a complaint dated May 1, 1996 returnable, June 4, 1996. An answer and three special defenses were filed on November 25, 1996 and the plaintiffs filed a reply to the special defenses on February 25, 1997. The plaintiffs then paid the proper fee and a receipt was issued on March 12, 1997. The plaintiffs filed simultaneously a request for the jury list which was date stamped on Tuesday, March 11, 1997. Along with three other cases pending against the Mead School for Human Development, Inc. brought by other parents of students at the school, this matter was transferred to the Complex Civil Litigation docket. Permission was granted to readdress certain issues in the complaint. A Motion to Strike was filed and granted on June 4, 1999 on the basis that portions of the complaint alleged educational malpractice, a cause of action not permitted in Connecticut. Gupta v. NewBritain General Hospital, 239 Conn. 574, 590 (1996). In response to the decision on the Motion to Strike, the plaintiffs filed a second amended complaint on June 21, 1999 deleting the counts that had been stricken. No new allegations were added. A third amended complaint dated December 10, 1999 was filed, which deleted two paragraphs of the second amended complaint. In response to this third amended complaint, on January 31, 2000 the defendant filed an amended answer and six new special defenses. The plaintiff filed a reply to five of the special defenses on March 14, 2000 and a Motion to Strike the remaining special defense. On March 21, 2000 the defendant filed a further amended answer and five special defenses deleting the disputed special defense. Other than deleting the disputed remaining special defense, no new allegations were made. On May CT Page 420 9, 2000 the plaintiffs filed an amended reply to the defendant's March 21, 2000 five special defenses. They filed a second claim for the jury, also dated May 9, 2000; the fee having already been paid when the original jury claim was filed on March 11, 1997.
A status conference was held by the undersigned on October 31, 2000 on all four Mead School cases. An issue was raised concerning whether or not this case was properly claimed for the jury. The parties then reviewed the files and agreed that the other three cases had been timely and properly claimed for the jury. This Motion to Erase was filed by the defendant on November 3, 2000. The parties filed Memoranda together with supporting exhibits and a large number of cases. Both parties appeared and offered oral argument.
 DISCUSSION OF LAW
There appear to be six opportunities for a claim to the jury to be made. The principle controlling authority for the claim to jury is General Statutes § 52-215. There are four statutory circumstances under which a litigant can place a lawsuit on the jury docket:
1) "written request of either party made to the clerk within thirty days after the return day";
2) "The case may, within ten days after such issue of fact is joined, be entered in the docket as a jury case upon the request of either party made to the clerk";
3) "upon written consent of all parties"; and
4) "by order of court."
There is a fifth opportunity granted by statute. When actions have been consolidated and one party has not previously claimed one of the actions to the jury, "any party who had not previously claimed one of the actions to the jury may, within ten days after the order, claim the action to be tried to a jury of six." General Statutes § 52-36a. The sixth method is contained in our case law. When a claim for the jury docket is filed prematurely, prior to the closing of an issue of fact, that can be determined to be a continuing authority to the clerk to place the matter on the jury docket. Fuller v. Johnson, 80 Conn. 493, 494-95 (1908).
A number of cases have held that the jury claim should be filed in a timely manner and the statutes should be strictly enforced. "A party that neglects to file its jury claim in timely fashion does so at its peril. The ten-day rule is clear and straightforward. In most cases it should be CT Page 421 . . . and has been . . . strictly enforced. In rare and unusual circumstances, however, a court may look at the possibility of prejudice to the parties, as well as the stated reasons for the delay in filing the claim for a jury trial." Dietz v. Yale New Haven Hospital, Inc., Superior Court, judicial district of New Haven, Docket No. CV 94-368317 (June 22, 1998, Silbert, J.) (22 Conn.L.Rptr. 358) (1998 Ct. Sup. 1758). This rule has apparently been codified. "In civil actions a jury shall be deemed waived unless requested by either party in accordance with the provisions of section 52-215." General Statues § 51-239b.
Neither claim for the jury list was filed within thirty days after the return date. The parties have not granted written consent to the placement of this case on the jury trial list. No judge has ordered this case placed on the jury docket. A trial judge has ordered the consolidation of all cases but neither claim for the jury List was filed within ten days after the court's order of consolidation. General Statutes § 52-239b. There are only two remaining issues: (1) whether the jury claim was filed "within ten days after such issue of fact is joined" and if not, whether the "continuing authority" doctrine applies.
The jury claim was date stamped March 11, 1997. The reply to the special defense was date stamped on February 25, 1997. This is a difference of fourteen days. On its face the jury claim was not "within ten days after such issue of fact is joined" and was not timely in accordance with General Statutes § 52-215.
The plaintiffs offer an affidavit from the attorney who filed the jury claim slip. Attached to this affidavit are copies of the original jury claim slip dated March 6, 1997 along with a check dated March 5, 1997. According to the affidavit, the attorney placed both in the mail on Friday, March 6, 1997. It was not date stamped by the clerk of the court until Tuesday, March 11, 1997. Monday, March 10, 1997 was not a legal holiday. The court finds that the plaintiff took the risk of mailing a time sensitive claim and further took the risk that it would not be date stamped on the tenth day. This affidavit is not sufficient on its face to comply with the ten day requirement of General Statutes § 52-215. "Regardless of what date the document bears the date the document was filed is the operative date." Greco v. Commissioner of Motor Vehicles,61 Conn. App. 137, 141 n. 7 (2000); Home Oil Co. v. Todd, 195 Conn. 333,343 (1985). This court finds that the March 6, 1997 jury claim, date stamped March 11, 1997, was not "within ten days after such issue of fact is joined."
The second claim for jury trial list was filed on May 9, 2000, which was the same day that a reply to the special defenses was filed by the plaintiff. On its face this reply would be a joining of an issue of fact. CT Page 422 In fact, this reply was fortuitous since the special defenses to which the reply was addressed did not allege any new facts. A reply to these same five special defenses was filed on March 14, 2000. A motion to strike the sixth special defense was filed. Instead of arguing the issue, the defendant filed a further amended answer and five special defenses on March 21, 2000. These five special defenses were identical to those filed on January 31, 2000. The plaintiffs replied to these five special defenses on March 14, 2000 without making a jury claim within ten days. Therefore, the May 9, 2000 reply was merely a restatement of a reply that had previously been filed on March 14, 2000. The actual joinder of the issue of fact had occurred on March 14, 2000 and the jury claim on May 9, 2000 was beyond the ten day period. This court finds that this second jury request, filed on May 9, 2000, was not filed within ten days "after such issue of fact is joined" since the actual joinder took place on March 14, 2000. Kuser v. Orkis, 169 Conn. 66, 75 (1978); Javitv. Marshall's, Inc., 40 Conn. App. 261, 266, cert. denied, 236 Conn. 915
(1996).
 CONCLUSION
The last, most significant and dispositive issue remains whether the premature request for the jury remains a continuing authority for the court clerk to place the matter on the jury docket. This exception to the ten day statutory standard for jury trial requests, a premature jury request, was discussed in Fuller v. Johnson, supra, 80 Conn. 494-95. "A premature jury request remains in the files until an issue of fact is joined. . . . The request, never having been recalled, was a continuing authority to the clerk to place the cause upon the jury docket on the joining of issue." Home Oil Co. Inc. v. Todd, supra, 195 Conn. 343. The defendant claims that the premature request doctrine does not apply since the pleadings initially closed on February 25, 1997 by a reply to the special defenses, well before either of the two jury claims were filed on March 11, 1997 and May 9, 2000. The defendant is correct in that both theHome Oil and Fuller cases involved jury claims filed more than thirty days from the return date. Neither Home Oil nor Fuller involved any attempt to withdraw, terminate, revoke or recall the jury claim.
This court believes that the premature jury request theory does apply to the facts of this case. The first jury request, along with the jury fee, was filed on March 11, 1997. The jury claim was not revoked by nor objected to by any party and remained in the file without any comment by either party. No pleadings were addressed to the jury claim. New legal and factual issues were raised by the defendant's amended answer and six special defenses on January 31, 2000. The plaintiffs replied to all but one of those new special defenses on March 14, 2000 and filed a motion to strike as to the remaining special defense. The defendant further amended CT Page 423 its special defenses on March 21, 2000 by deleting the disputed special defense. On May 9, 2000, the plaintiffs filed a reply to both the March 21, 2000 answer and special defenses and the deletion of the contested special defense, along with a claim for the jury trial list.
This court holds that the premature jury request exception to the ten day statutory time limit for claiming a jury is applicable under the facts of these cases especially in light of the six new special defenses raised. The jury claim was in the file prior to the filing of all issues of fact and law. The later joining of the issues without a withdrawal or an objection to the previously filed jury claim operated as a continuing authority for the clerk to place this case on the jury docket. Fuller v.Johnson, supra, 80 Conn. 495.
Can this court order the case placed on the jury docket based on the above finding? General Statutes § 52-215 contains no standards for the court to apply in making the determination whether any matter should be placed on the jury docket. There is no appellate court decision that sets forth standards. The court believes that the proper standard is as follows: "The fundamental right to a jury trial should be liberally construed in a maimer that would afford such a right for issues of fact in a legal action." Godin v. Hartford Casualty Ins. Co. Superior Court, judicial district of Hartford, Docket No. CV 94 0535069 (August 19, 1994, Wagner, J.) (1994 Ct. Sup. 8314); Canning v. Lensink, Superior Court, judicial district of New Haven, Docket No. 274308 (June 7, 1991, Berdon, J.) (6 C.S.C.R. 648) (1991 Ct. Sup. 5504). Our Supreme Court has ruled that a trial court has discretion to order a case placed on a jury list after the time for claiming to the jury has elapsed. Falk v.Schuster, 171 Conn. 5, 8 (1976); New England Bank Trust Co. v.Culotta, Superior Court, judicial district of Hartford, Docket No. 386357 (September 20, 1991, Satter, J.T.R.) (1991 Ct. Sup. 7978).
This court has found that the first claim for the jury dated March 11, 1997 was not timely. It was fourteen days after the reply was filed. The court finds that the trial claim was dated March 6, 1997, the jury check was dated March 5, 1997, and both were sent to the clerk within the ten day period of time.
The court also has found that the May 9, 2000 claim for the jury list complied with the statutory requirements. It was filed on the same date that a reply to the special defense was filed but the reply did not raise any new "issues of fact." "Where such a claim has not been made at the original close of pleadings, the mere filing of amended pleadings which raise no new issues of fact does not give rise to a further opportunity to claim a case for the jury. . . . When amended pleadings raise a new issue of fact, however, a new ten-day period arises to claim the matter CT Page 424 to the jury." Stawicki v. Fraiser, 36 Conn. Sup. 343, 344 (1980);Associated Investment Co., Ltd. Partnership v. Williams Associates IV, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. CV90-031085 (February 18, 1992, Maiocco, J.) (7 C.S.C.R. 343);Gardella v. Dwan, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. CV 90-01103221 (July 12, 1994, Lewis, J.) (1994 Ct. Sup. 7310).
The court also finds a number of equitable factors relevant to this court's ability to exercise its discretion. More than three years passed from the original jury claim of March 11, 1997 until the defendant's Motion to Erase from the jury docket was filed on November 3, 2000. In the interim period of time, the pleadings were reopened and reclosed, two trial days were set, the parties engaged in a five day mediation, the matter was assigned to the Complex Civil Litigation docket and extensive discovery and depositions took place. The parties literally were prepared for trial by November, 2000. In that forty month period of time no mention was made by any of the parties or any court until this court discussed the issue at a pre-trial conference on October 31, 2000. This discussion apparently prompted the defendant's Motion to Erase.
The court has examined a number of cases in which motions to remove a case from the jury list were denied when the passage of time elapsing between the closing of the pleadings and the filing of the jury claim was a matter of a few days beyond the statutory ten day period. Lougee v.Tanner, Superior Court, judicial district of New London, Docket No. 523840 (January 20, 1995, Hurley, J.) (28 days); Godin v. HartfordCasualty Ins. Co., supra, Superior Court, Docket No. CV 94-0535069 (20 days); Deitz v. Yale New Haven Hospital, Inc., supra, Superior Court, Docket No. CV 94-368317 (7 Days); Bolton v. Freihoffer, Superior Court, judicial district of Waterbury, Docket No. CV 94-120992 (February 4, 1998, Shortall, J.) (1998 Ct. Sup. 2444) (18 days); Jaynes v. Yale NewHaven Hospital, Superior Court, judicial district of New Haven at New Haven, Docket No. 0119661 (March 21, 1996, Kulawicz, J.) (1996 Ct. Sup. 2800) (Time elapsed not stated in opinion); Scandura v. Friendly IceCream Corp., Superior Court, judicial district of Hartford, Docket No. 529109 (July 31, 1995, Blue, J.) (14 Conn.L.Rptr. 548) (1995 Ct. Sup. 8633) (Time elapsed not stated in opinion).
An examination of the cases in which motions to remove the case from the jury docket were granted shows the time elapsed between the closing of pleadings and the filing of the jury claim measured a number of months. The John Tirkot Co., Inc. v. Weinter, Superior Court, judicial district of Hartford, Docket No. CV92-0518873 5 (October 1, 1993, Corradino, J.) (3 months); Krupinski v. Connolly, Superior Court, judicial district of New London at Norwich, Docket No. 0112916 (February CT Page 425 2, 1999, Solomon, J.) (23 Conn.L.Rptr. 685) (1999 Ct. Sup. 11965) (4 months); New Enland Bank and Trust v. Culotta, Superior Court, judicial district of Hartford, Docket No 386357 (September 20, 1991, Satter, J.T.R.) (1991 Ct. Sup. 7843) (almost 5 months); Shyrer v. AssociatedPulmonologists of Western Connecticut, Superior Court, judicial district of Danbury, Docket No. 319434 (January 29, 1998, Leheny, J.) (1998 Ct. Sup. 999) (7 months); Wilton Bank v. Cappies, Inc., Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. CV96-0149948S (March 26, 1997, Karazin, J.) (1997 Ct. Sup. 3191) (8 months); People's Bank v. Dauphin, Superior Court, judicial district of Tolland at Rockville, Docket No. CV 94-56120S (June 13, 1997, Rittenband, J.) (19 Conn.L.Rptr. 614) (1997 Ct. Sup. 6235) (23 months).
This court has the discretionary power pursuant to General Statutes § 52-215 to order that the case be entered on the jury docket. Leaheyv. Heasley, 127 Conn. 332, 336 (1940). This court cannot find that the defendant is prejudiced by the exercise of this discretion. This instant case has been consolidated with three other Mead School cases. All four involve the parents of students suing the Mead School for fraudulent misrepresentation and violation of Connecticut Unfair Trade Practices. The three other cases have been property and timely claimed to the jury. There will be no delay in the trial of this case by reason of this matter being claimed to the jury. Furthermore, the same trier of the fact will decide all four cases since they have long been consolidated for trial. If this case was erased from the jury docket this court would decide its factual matters in either a separate proceeding or at the same trial when the jury is deliberating on the same evidence. By allowing this case to remain on the jury docket, the possibility of conflicting decisions by different fact finders will be eliminated. The fourteen day delay is minimal and is clearly within the discretion of the court. Counting the elapsed weekend it is identical to a similar case decided in Stamford.Barcello v. O'Connell, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. CV 85-0079667 S (July 1, 1986, Cioffi, J.) (1 C.S.C.R. 469) (12 Conn. Law Trib. 32 p. 469).
For all these reasons this court exercises its discretion and in accordance with General Statutes § 52-215, "by order of court," orders that the this case be placed on the jury docket. The defendant's Motion to Erase the case from the jury docket, dated November 3, 2000 is hereby DENIED for the reasons stated in this memorandum of decision.
BY THE COURT,
TIERNEY, J.