GUERDY JEUDY *v.* ALLRICH JEUDY
(AC 26772)
(AC 27958)

Bishop, DiPentima and Lavine, Js.

Argued January 3—officially released March 18, 2008

*Reine C. Boyer* and *Stuart M. Sheiman,* for the appellant (defendant).

*Thomas G. Ganim,* with whom, on the brief, was *Gwen E. Adamson,* for the appellee (plaintiff).

*Opinion*

BISHOP, J. These two appeals arise from the denial of two motions to open the judgment of dissolution of the parties' marriage. In AC 26772, the defendant, Allrich Jeudy, claims that the trial court improperly denied his motion to open the judgment in that it determined that it had personal jurisdiction over him that was effectuated by abode service.[1] In AC 27958, the defendant

---

[1] The defendant also claims in AC 26772 that the court improperly precluded him from introducing the testimony of his minor child and limited his cross-examination of the plaintiff, Guerdy Jeudy. Because the court never ruled on the defendant's motion to call his daughter as a witness, and because the defendant indicated to the court that he had no further questions for the plaintiff on cross-examination, he did not preserve these claims. We therefore decline to review them.

claims that the court improperly denied his motion to open the judgment on the basis of fraud.[2] We affirm the judgments of the trial court.

The following factual and procedural history is relevant to our resolution of the defendant's appeals. On January 4, 2005, the court rendered judgment dissolving the parties' marriage. On February 14, 2005, the defendant moved to open the judgment of dissolution on the ground that he was never served with a summons and complaint and, thus, did not become aware of the dissolution action until after the court had rendered judgment. Following an evidentiary hearing, the court denied the defendant's motion to open by memorandum of decision filed July 12, 2005. In AC 26772, the defendant appeals from the court's ruling.

On January 24, 2006, the defendant filed a motion for modification of the dissolution judgment on the ground that the judgment was procured by fraudulent and perjurious testimony presented by the plaintiff, Guerdy Jeudy, regarding the defendant's income and the joint ownership of three parcels of real property. On May 23, 2006, the court heard this motion. After hearing testimony from three individuals, including the defendant, it became apparent to the court that the defendant was not seeking to modify the judgment but to open the judgment, and the court made its belief in this regard known to the parties. Consequently, the defendant presented to the court a motion to open the judgment, which was identical in substance to the motion to modify. The plaintiff objected to the motion to open on

---

[2] The defendant also claims in AC 27958 that the court improperly ordered a sale of the subject properties and that the defendant pay for half the mortgage and appraisal costs in contravention of the automatic stay pending the resolution of the appeal in AC 26772. Because, however, the defendant did not appeal from the judgment of dissolution, there was no automatic stay of those financial orders, and this claim is, therefore, unworthy of further discussion.

the ground that it was untimely because the defendant unreasonably waited for more than twelve months from the date of judgment to assert his fraud claim, when he should have been aware of any such claim far sooner than that, and that the plaintiff was prejudiced by this delay. In response, the court ordered the parties to submit briefs as to the issue of timeliness and, ultimately, on June 29, 2006, denied the defendant's motion to open. On July 19, 2006, the defendant filed a motion to reargue, which was also denied. The appeal in AC 27958 followed.

As a preliminary matter, we set forth the applicable standard of review. "The principles that govern motions to open or set aside a civil judgment are well established. A motion to open and vacate a judgment . . . is addressed to the [trial] court's discretion, and the action of the trial court will not be disturbed on appeal unless it acted unreasonably and in clear abuse of its discretion. . . . In determining whether the trial court abused its discretion, this court must make every reasonable presumption in favor of its action. . . . The manner in which [this] discretion is exercised will not be disturbed so long as the court could reasonably conclude as it did." (Internal quotation marks omitted.) *Bove* v. *Bove*, 103 Conn. App. 347, 351, 930 A.2d 712 (2007). With this standard in mind, we turn to the defendant's claims on appeal.

I

The defendant first claims, in AC 26772, that the court improperly denied his motion to open the judgment in that it determined that it had personal jurisdiction over him that was obtained by abode service. We disagree.

In challenging the service of the dissolution summons and complaint, the defendant did not dispute the fact that the marshal made abode service at 404 Fairview Avenue in Bridgeport. The defendant claims, however,

that the abode service made at 404 Fairview Avenue was defective because he never lived at that address and, therefore, did not get notice of the dissolution proceedings until after judgment entered. In denying the motion to open, the court stated that it carefully considered all of the testimony presented and found the defendant's testimony evasive and inconsistent and, therefore, not credible. Furthermore, there was testimony from the plaintiff that the defendant was not residing in the marital residence and that he was, in fact, residing at 404 Fairview Avenue at the time of service and that the defendant had bank accounts listing 404-406 Fairview Avenue as his address. Because it is the exclusive province of the trier of fact to resolve credibility determinations; see *State* v. *Ortiz*, 95 Conn. App. 69, 81, 895 A.2d 834, cert. denied, 280 Conn. 903, 907 A.2d 94 (2006); and there is evidence in the record supporting the claim that the defendant's abode at the time of service was 404 Fairview Avenue, the court did not improperly find that service was adequate. Accordingly, the court did not abuse its discretion in denying the defendant's motion to open the judgment.

II

The defendant next claims, in AC 27958, that the court improperly denied his motion to open the judgment on the basis of fraud without conducting an evidentiary hearing. We are unpersuaded.

As noted, this motion to open asserted that the dissolution judgment was based on the plaintiff's perjurious testimony regarding the defendant's income and the legal ownership of certain real estate. During the hearing on May 23, 2006, when the defendant presented his motion to open to the court, the plaintiff objected to the motion on the ground that it was untimely. In support of her objection, the plaintiff argued that the alleged perjury took place on October 8, 2004, the judgment of

dissolution was rendered on January 4, 2005, and the defendant filed his first motion to open the judgment, in which he challenged the court's jurisdiction, on February 14, 2005. The plaintiff further asserted that she was prejudiced by the defendant's delay in bringing the motion because the motion sought to reverse financial and property orders that had been in place since January 4, 2005, and, as a result, the plaintiff had expended large sums of money related to the real properties, including payment of the mortgage, interest, taxes and maintenance. The defendant did not offer any reason for the delay, except that his new attorney was not engaged until after the denial of the first motion to open, and the fraud was, therefore, not discovered until after that date. The court requested that the parties submit briefs on the issue of whether the court had the authority to hear the motion to open "with respect to time limitations and so forth." Following the submission of briefs by both parties, the court denied the defendant's motion to open, finding, inter alia, that the defendant failed to justify his delay in asserting fraud and that the delay was unreasonable and prejudiced the plaintiff, and his motion was, therefore, untimely.[3]

"There are three limitations on a court's ability to grant relief from a dissolution judgment secured by fraud: (1) there must have been no laches or unreasonable delay by the injured party after the fraud was discovered; (2) there must be clear proof of the fraud; and (3) there is a substantial likelihood that the result

---

[3] The court also found that the defendant failed to provide clear proof of fraud and failed to demonstrate that there was a substantial likelihood that the result of a new trial could be different. In his motion to reargue, the defendant claimed, as he does on appeal, that he should have been afforded an evidentiary hearing on these issues. Because the court had a sufficient basis on which to conclude that the defendant's motion was untimely, and therefore, his fraud claim was barred, we need not address the merits of the fraud claim or whether the defendant should have been afforded an evidentiary hearing.

of the new trial will be different." (Internal quotation marks omitted.) *Terry* v. *Terry*, 102 Conn. App. 215, 223, 925 A.2d 375, cert. denied, 284 Conn. 911, 931 A.2d 934 (2007). "Laches consists of an inexcusable delay which prejudices the defendant. . . . First, there must have been a delay that was inexcusable, and, second, that delay must have prejudiced the defendant. . . . A determination that a plaintiff has been guilty of laches is one of fact for the trier and not one that can be made by this court, unless the subordinate facts found make such a determination inevitable as a matter of law." (Citation omitted; internal quotation marks omitted.) *Riscica* v. *Riscica*, 101 Conn. App. 199, 207–208, 921 A.2d 633 (2007).

In denying the defendant's motion to open, the court noted that the defendant filed his first motion to open on February 14, 2005, approximately one month after the date of the dissolution judgment, but that motion made no mention of fraud. The court noted as well that it was not until more than one year after the date of dissolution that the defendant asserted his fraud claim. The plaintiff immediately asserted her claim of inexcusable delay, and the defendant did not offer any reasonable justification for his delay. The court indicated that the dissolution judgment required the plaintiff to expend funds on the costs of the properties awarded to her in the dissolution judgment and that she was prejudiced by the defendant's delay in claiming that the judgment awarding her sole ownership of those properties was procured by fraud. Because the defendant failed to justify his delay in asserting fraud, and the basis for the court's finding of delay and prejudice are supported by the record, we conclude that the court did not abuse its discretion in denying the defendant's motion to open.

The judgments are affirmed.

In this opinion the other judges concurred.