## ERNEST KALB ET AL. *v.* AVENTIS CROPSCIENCE, USA, INC., ET AL.
### (AC 34384)

Lavine, Alvord and Pellegrino, Js.

Argued March 11—officially released August 6, 2013

*Ryan A. O'Neill*, with whom, on the brief, was *Mark Sherman*, for the appellants (substitute plaintiff et al.).

*Corey M. Dennis*, for the appellee (defendant Eckel Industries, Inc.).

*Jonathan F. Tabasky*, for the appellee (defendant Georgia-Pacific, LLC).

*Charles K. Mone*, for the appellee (defendant Warren Pumps, LLC).

*David Makarewicz*, for the appellee (defendant IMO Industries, Inc.).

*John H. Van Lenten*, for the appellee (defendant CBS Corporation).

*James A. Hall*, for the appellee (defendant Bayer Cropscience, Inc., et al.).

*Opinion*

PER CURIAM. This appeal presents an unfortunate example of a lack of diligence in prosecuting a claim. The plaintiff, Marianna Kalb, appeals individually and as administratrix of the estate of her deceased husband,

Ernest Kalb (decedent).[1] The trial court dismissed the action for lack of subject matter jurisdiction because the fiduciary of the decedent's estate had not been substituted as a party plaintiff. On appeal, the plaintiff claims that the trial court abused its discretion in denying her motion to open the judgment of dismissal because good cause existed to grant the motion. We affirm the judgment of the trial court.

In 2004, the decedent commenced this action against the defendants,[2] claiming injury and damages caused by exposure to asbestos, and the plaintiff alleged loss of consortium. In 2007, the court dismissed the action for lack of diligence pursuant to Practice Book § 14-3 but vacated that dismissal a month later.

The decedent passed away in April, 2008. The plaintiff took no action for three and one-half years afterward. On July 15, 2011, the court informed the plaintiff that

[1] Ernest Kalb was also a plaintiff in this action until he died. In this opinion, all references to the plaintiff are to Marianna Kalb unless otherwise specified.

We note that this court does not have subject matter jurisdiction to review the merits of an appeal without a person legally authorized to prosecute the appeal. See *Negro* v. *Metas*, 110 Conn. App. 485, 493–95, 955 A.2d 599, cert. denied, 289 Conn. 949, 960 A.2d 1037 (2008). On November 14, 2012, this court granted the plaintiff's motion to substitute party, permitting Marianna Kalb to appear as executrix of the estate of Ernest Kalb in this appeal.

[2] The defendants in this appeal are Bayer Cropscience, Inc., which is the successor entity to the named defendant Aventis Cropscience, U.S.A., Inc.; Cleaver-Brooks, A Division of Aqua-Chem, Inc.; Dow Chemical Company; Durabla Manufacturing Company; Eckel Industries; Flintkote Company; Foster Wheeler, LLC; Gardner Denver, Inc.; General Electric Company; CBS Corporation; IMO Industries, Inc.; New England Insulation Company; Rapid American Corporation; Union Carbide Corporation; Warren Pumps, LLC; and Georgia-Pacific, LLC, who have filed a joint brief on appeal.

The defendants formerly included A.W. Chesterton Company; Buffalo Pumps, Inc; Certainteed Corporation; D.B. Riley, Inc., f/k/a Riley Stoker Corporation; Eastern Refractories Company, Inc.; Elliot Turbomachinery Company, Inc.; Fairbanks Morse Engine; Garlock Sealing Technologies, LLC; Hopeman Bros.; Ingersoll-Rand Company; Nitram Energy, Inc., successor to Alco Products, Inc.; Quigley Company, Inc.; Metropolitan Life Insurance Company; and Goodyear Tire and Rubber Company, who are not parties to the present appeal.

she could not represent the estate of her husband, encouraged her to retain counsel, and explained that because her claim was derivative, her action would be dismissed if the decedent's action was dismissed. See *Cavallaro* v. *Hospital of Saint Raphael*, 92 Conn. App. 59, 62 n.5, 882 A.2d 1254, cert. denied, 276 Conn. 926, 888 A.2d 93 (2005). On August 15, 2011, the court sua sponte raised the issue of subject matter jurisdiction; see *Greco* v. *Commissioner of Motor Vehicles*, 61 Conn. App. 137, 143, 762 A.2d 926 (2000) (trial court may raise issue of subject matter jurisdiction sua sponte); noting that it lacked jurisdiction because there was no one legally entitled to prosecute the underlying cause of action. See *Negro* v. *Metas*, 110 Conn. App. 485, 498, 955 A.2d 599 (after death of claimant, court is powerless to proceed with cause of action without appearance of executor or administrator), cert. denied, 289 Conn. 949, 960 A.2d 1037 (2008). Again, the court informed the plaintiff that she could not represent the decedent's estate, that her claim was derivative of the decedent's claim and that if that action were dismissed, then her action also would be dismissed. The court gave the plaintiff an opportunity to be heard and until August 19, 2011, to brief the issue, which she failed to do. On August 22, 2011, the court sua sponte dismissed the action.

On September 1, 2011, the plaintiff, now represented by counsel, filed a motion to open the judgment of dismissal as well as a motion to substitute party plaintiff. The court denied the motion to open, finding that there was no good or compelling reason to grant the motion and that the plaintiff's lack of diligence prejudiced the defendants. The plaintiff filed a motion to reargue and reconsider, which the court, having allowed reargument, denied in February, 2012. This appeal followed.

"A motion to open and vacate a judgment . . . is addressed to the [trial] court's discretion, and the action of the trial court will not be disturbed on appeal unless it acted unreasonably and in clear abuse of its discretion. . . . In determining whether the trial court abused its discretion, this court must make every reasonable presumption in favor of its action. . . . [O]ur review is limited to whether the trial court correctly applied the law and reasonably could have concluded as it did." (Citation omitted; internal quotation marks omitted.) *Negro* v. *Metas*, supra, 110 Conn. App. 495–96.

Although the general policy of Connecticut courts is to construe the rules of practice liberally in favor of self-represented parties, that policy is severely curtailed where it interferes with the rights of other parties. *Rosato* v. *Rosato*, 53 Conn. App. 387, 390, 731 A.2d 323 (1999).

In the present case, the court stated two grounds for its dismissal of the action. First, the court concluded that the plaintiff's lack of diligence prejudiced the defendants. We cannot conclude that the trial court abused its discretion given that there were three and one-half years during which the plaintiff took no action on the case; that the plaintiff took no action on the case until after the action was dismissed; that the case was seven and one-half years old at the time the plaintiff filed the motion to open; and that defendants' out of state counsel had to make multiple in-court appearances on behalf of the defendants. See *Jeudy* v. *Jeudy*, 106 Conn. App. 372, 378, 942 A.2d 476 (2008) (no abuse of discretion in denying motion to open where record supported findings of delay and prejudice).

Second, the court concluded that the plaintiff had presented no good and compelling reason to justify opening this judgment. See *Chapman Lumber, Inc.* v. *Tager*, 288 Conn. 69, 94–96, 952 A.2d 1 (2008) (denial

of motion to open not abuse of discretion without showing of good and compelling reason). We do not agree with the plaintiff's contention that this finding was improper. The plaintiff's reliance on *Negro* v. *Metas*, supra, 110 Conn. App. 485, is misplaced because that case is factually distinguishable. In *Negro*, the court did not find that a lack of diligence prejudiced the defendants. Id., 501–502. Furthermore, the plaintiff's arguments pursuant to General Statutes § 52-599[3] are similarly unpersuasive. Assuming without deciding that § 52-599 allowed the plaintiff as a matter of right *after* the case was dismissed to substitute herself as party plaintiff in her capacity as administratrix of the estate of the decedent, that has no bearing on the denial of the motion to open the judgment of dismissal, which was based on the prejudice the defendants suffered due to the plaintiff's lack of diligence. Finally, the plaintiff cites no authority to support her peculiar argument that the defendants suffered no prejudice because they could have filed the motion to substitute party instead of the plaintiff. We are unaware of any case in which a defendant has proceeded in such a curious way. We conclude that the trial court did not abuse its discretion. It correctly applied the law and reasonably could have

---

[3] General Statutes § 52-599 states in relevant part: "(a) A cause or right of action shall not be lost or destroyed by the death of any person, but shall survive in favor of or against the executor or administrator of the deceased person.

"(b) A civil action or proceeding shall not abate by reason of the death of any party thereto, but may be continued by or against the executor or administrator of the decedent. If a party plaintiff dies, his executor or administrator may enter within six months of the plaintiff's death or at any time prior to the action commencing trial and prosecute the action in the same manner as his testator or intestate might have done if he had lived. If a party defendant dies, the plaintiff, within one year after receiving written notification of the defendant's death, may apply to the court in which the action is pending for an order to substitute the decedent's executor or administrator in the place of the decedent, and, upon due service and return of the order, the action may proceed. . . ."

606

concluded as it did. See *Negro* v. *Metas*, supra, 495–96. There was no abuse of the court's discretion.

The judgment is affirmed.